WITHEROW and Another *v.* HIGGINS.

A suit under the statute regulating proceedings supplementary to execution, is not a proper mode of setting aside an illegal sale.

APPEAL from the *Hendricks* Court of Common Pleas.

HANNA, J.—This was a proceeding by appellants, on affidavit and complaint, under the statute, 2 R. S. p. 152, regulating proceedings supplementary to execution.

The affidavit alleges, first, that appellants had recovered, &c., a judgment for 56 dollars, against one *James H. Moody;* second, that they had caused an execution to be issued, &c., which was not yet returned; third, that defendant had in his possession a mare, worth 80 dollars, the property of said *Moody*, which defendant had levied upon by virtue of an execution, against one *Denny*, for 13 dollars, said execution having been a lien upon said property before *Denny* sold it to *Moody*. *Higgins* is made a defendant, and asked to answer, &c., and to apply the overplus arising from the sale of said property, after the payment of said execution for 13 dollars, upon the judgment of plaintiffs.

Afterwards, and before answer, a complaint was filed alleging that *Higgins*, to defraud plaintiffs, had, on the day said property was by him advertised for sale, sold the same in an improper and hasty manner, after the payment of the amount due on said execution, to one *Robins* for the sum of 18 dollars.

There was a demurrer filed to the complaint for want of

proper parties, and because the facts stated were insufficient, &c. The demurrer was sustained. Judgment for the defendant.

See 11 Ind. R. 329, for the section of the statute under which the proceeding was had.

Whatever might have been the fate of the application if it had been made to depend upon the affidavit alone, without an averment of want of other property, we need not decide, as the filing of the complaint disclosed the fact that the property had passed out of the hands of *Higgins* by sale. We think this is not the proper mode of testing the question of good faith and legality of the proceedings upon the sale, by an officer.

If the sale was legal, it was, perhaps, the misfortune of the plaintiffs that they did not attend and make the property bring enough to cover their debt. If it was not legal, or if plaintiffs were, by the wrongful act of the officer, prevented from bidding, they may have a remedy, but we do not think it is in this form.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave* and *J. Witherow*, for the appellants.