## BURT AND WIFE *v*. HŒTTINGER.

PROCEEDING SUPPLEMENTARY TO EXECUTION.—In a proceeding supplementary to execution, based upon an affidavit that the judgment defendant owned real estate which he unjustly refused to apply in satisfaction of the judgment, third persons cannot be made defendants for any other purpose than to answer as to any property held by them belonging to the judgment defendant, or as to their indebtedness to him.

SAME.—The court or judge has no power in this form of proceeding to adjudicate and settle controverted questions of right between the judg-

ment debtor and third parties, nor to set aside a sale or conveyance of property by the debtor on the alleged ground of fraud.

APPEAL BOND.—The filing of an appeal bond is not necessary to an appeal.

NEW TRIAL.—A motion for a new trial commencing, "The defendants, move, &c.," using the plural, and signed by an attorney for "defendants," will be held to embrace all the defendants.

APPEAL from the *Marion* Common Pleas.

ELLIOTT, J.—This was a proceeding supplementary to execution, under the statute, commenced by *Hœttinger* against *Alphonso Burt.* An affidavit was filed on behalf of *Hœttinger,* stating that on the 7th day of *October,* 1865, *Hœttinger* recovered a judgment against *Alphonso Burt,* in the *Marion* Common Pleas, for the sum of $423 21; that an execution had been issued thereon, and that said *Burt* had filed with the proper officer a sworn statement that he was not worth the sum fixed by law as free from execution; that the affiant was informed and believed that said *Burt* was then a resident of *Marion* county, and had property which he unjustly refused to apply to the satisfaction of said judgment, said property being certain real estate which is described in the affidavit, and praying that *Burt* be ordered to appear before the court on the first day of the next term thereof to answer concerning the same, and for the application of said property to the payment of the judgment.

A proper order was issued and served on *Burt.* At the succeeding term of the court, *Doretta Burt,* wife of *Alphonso,* appeared and asked to be made a defendant in said proceedings, which was allowed by the court, and she thereupon filed an answer, under oath, alleging that she was the lawful owner in fee of the real estate described in the affidavit; that she derived title thereto by gift from *Clement W. Burt,* and that said *Alphonso* was not the owner thereof, and had no right, title, or interest therein, subject to execution, &c.

To this answer the plaintiff filed a reply in denial thereof. *Alphonso* did not answer. On the trial of the cause, the court made the following finding, viz.:

" That defendant, *Alphonso Burt,* gave a chattel mortgage to his father to secure a note for $500, dated *August* 1, 1861, due in twelve months after date. The defendant was losing money, was in failing circumstances, and negotiated a trade himself for the real estate in question. His father, on *June* 20, 1862, before the mortgage was due, released and fully satisfied the mortgage, and allowed the property to be traded, provided the title to the real estate should be made in the name of the wife of the defendant, which was done. The trade was certainly a fraud upon prior creditors, and the property must be held liable."

A judgment was thereupon rendered that said real estate be sold as the property of said *Alphonso* to satisfy said judgment. A new trial was refused. *Burt* and his wife both appeal and assign errors.

It is contended by the appellee that no motion was made by *Doretta* for a new trial, and that no exception was taken by her to the action of the court in any form, and therefore that no question is properly presented by the record, as to her, for the consideration of this court. We do not so understand the record. The motion for a new trial is as follows:

" The defendants move the court to grant a new trial in this cause, for the following reasons:

" 1. The finding of the court is contrary to law.

" 2. The finding of the court is contrary to the evidence.

" 3. The court had no jurisdiction in this cause.

[Signed]   " B. K. ELLIOTT & BLACK,

     " T. E. JOHNSON,

       " *Attorneys for Defendants.*"

The motion was overruled, and the record states, " to which the defendant excepts, and twenty days is given the defendant to file his bill of exceptions herein." No bill of exceptions was filed, nor was it necessary, as the record contains the exception. The appeal bond was filed, as appears upon its face, on behalf of *Alphonso* alone. But the filing of an appeal bond was not necessary to the appeal.

*Sturgis* v. *Rogers* 26 Ind. 1.　The errors are assigned by both the defendants.

The remedy given by the statute under which these proceedings were had, is, in many cases, a substitute for a creditor's bill; indeed, in subjecting the debtor's choses in action to the payment of his debts, which, before its passage, could not be done in this State, except by proceedings in attachment, it gives to the creditor a new right.　It authorizes a compulsory discovery of the property and assets of the debtor by a very summary mode of procedure.　It does not require, or even contemplate, the forming of issues of law or fact, as in ordinary suits, and all questions arising under it may be tried and disposed of by the judge at chambers, without a jury.　Justice requires that a remedy so extraordinary and summary should be confined to the cases clearly within the provisions of the statute.

This proceeding was instituted under section 519, 2 G. & H., p. 261, which, after the recovery of a judgment and the issuing of an execution thereon, authorizes the execution plaintiff, or any other person in his behalf, to make and file an affidavit with the clerk of any court of record in the county, to the effect that the judgment debtor, residing in such county, "has property, describing it, which he unjustly refuses to apply towards the satisfaction of the judgment."　Upon the filing of such affidavit, the execution defendant is required to appear, upon the service of a proper notice, before the court or judge, to answer concerning the same.

It is further provided by section 522, that "after the issuing or return of an execution against the property of the judgment debtor, or any one of the several debtors in the same judgment, and upon an affidavit that any person or corporation has property of such judgment debtor, or is indebted to him in any amount, which, together with other property claimed by him as exempt from execution, shall exceed the amount of property so exempt by law, such per-

son, corporation, or any member thereof, may be required to appear and answer concerning the same."

These sections contain the only provisions as to the particular subject matter of inquiry authorized under such proceedings. They institute a summary mode of ascertaining. what property a judgment defendant may have in his possession, or under his control, or in the possession of others, subject to execution, and also the debts, if any, that may be owing to him. These are the only subjects of inquiry. No authority is given for making third persons defendants for any other purpose than to answer as to any property held by them belonging to the judgment defendant, or as to their indebtedness to him. The court or judge has no power, in this form of procedure, to adjudicate and settle controverted questions of right between the judgment debtor and third parties, nor to set aside a sale or conveyance of property by the debtor on the alleged ground of fraud. Such questions must be tried in another form of action.

It was held in *Figg et al.* v. *Snook et al.*, 9 Ind. 202, that the word "property," as used in this statute, as applicable to lands, includes every species of title, inchoate or complete, and embraces the rights which lie in contract, whether executory or executed. Hence it was held in that case that the interest of the judgment debtor in real estate, in his possession under a contract of purchase—the legal title being in his vendor—might be applied in satisfaction of the judgment under this form of procedure. In that case, the vendor was made a party and admitted the interest of the judgment defendant. In *Witherow* v. *Higgins*, 13 Ind. 440, it was held that this was not the proper mode of proceeding to set aside an illegal sale.

In the case at bar, the affidavit charges that *Alphonso Burt*, the judgment defendant, owned the land in controversy, and unjustly refused to apply it to the payment of the judgment. This brought the case within the statute. But the finding of the court shows that *Alphonso* did not, at

Burt and Wife *v.* Hœttinger.

any time, own the land.   He had no title thereto, either legal or equitable, nor could he exercise any control whatever over it.   But the court found that he made the contract for it in 1862, long before the judgment was rendered, and we infer from the language used, that the court further found that it was paid for with *Alphonso's* property, and conveyed to his wife in fraud of his creditors, and therefore is liable for his debts.   These are the very questions controverted by *Doretta*, the wife.   She held the legal title, and, as between her and *Alphonso*, that title was a valid one, even though the consideration therefor may have been paid by him.   He could not claim the land, or in any manner control it, and could not, therefore, apply it to the payment of his debts.   If the conveyance to *Doretta* was a fraud upon the creditors of *Alphonso*, they might subject it to the payment of his debts by a proper form of action against the proper parties; but, as we have seen, this is not a proper proceeding for the settlement of that question.

If the affidavit had stated the facts as found, it would not have brought the case within the jurisdiction of the court in this form of procedure.   The finding goes beyond the case made by the affidavit and decides important questions not properly before the court, and is, therefore, clearly erroneous.

It was not necessary that *Doretta* should have asked to be made a party.   No judgment that the court could have rendered, in her absence, would have prejudiced her rights.   In fact the court erred in permitting her to become a party defendant.   But upon proof that the title to the property was in her, and that *Alphonso* had no legal or equitable interest in it, the court or judge should have dismissed the proceedings.

The judgment is reversed, with costs.

*B. K. Elliott, J. B. Black* and *T. E. Johnson*, for appellants.

*J. T. Dye* and *A. C. Harris*, for appellee.