THE TOLEDO, WABASH AND WESTERN RAILWAY CO. ET AL. *v.* HOWES.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—*Pleading.*—*Practice.*— *Case Overruled.*—In proceedings supplementary to execution, instituted under section 522 of the code, against the execution defendant and either his debtor or the custodian of his property, the answers of the defendants under oath, in denial either of the possession of such property, or of the existence of the alleged indebtedness, are not final and conclusive upon any question of fact involved therein ; but, as to any such question, pleadings may be filed, and issues, either of law or of fact, may be joined by or between the plaintiff and the defendants or either of them, or by and between the defendants, and such issues so joined may be heard, tried and determined in the same manner as other issues of law or fact, in other civil actions and proceedings. *Burt* v. *Hœttinger*, 28 Ind. 214, is overruled so far as it is in conflict with this decision.

BILL OF EXCEPTIONS.—*Amendment of.*—Where time is given beyond the term, in which to prepare and file a bill of exceptions, the record must affirma-

The Toledo, Wabash and Western Railway Co. *et al. v.* Howes.

tively show that it was not only signed but filed within the time limited; and an amended bill filed after the expiration of that time forms no part of the record.

From the Cass Circuit Court.

*W. Z. Stuart, D. P. Baldwin, D. C. Justice* and *M. Winfield,* for appellants.

*D. B. Graham* and —— *McGreevy,* for appellee.

HOWK, C. J.—This was a proceeding by the appellee, against the appellants, supplementary to execution, founded upon the appellee's affidavit and written motion, wherein he alleged, in substance, that, on the 6th day of February, 1874, in the said Cass Circuit Court, he recovered a judgment against the appellant, The Logansport, Crawfordsville and South-Western Railway Company, for six hundred and eighty-three dollars and seventy-six cents and costs of suit; that, on the 11th day of February, 1876, he caused an execution to be issued out of said court, on his said judgment, directed to the sheriff of Cass county, Indiana, and placed the same in the hands of said sheriff to be executed; that said execution defendant had property and effects out of which said judgment could be paid, but which it unjustly refused to apply to the payment thereof; and that said judgment and costs were wholly unpaid and unsatisfied; that the appellant, The Toledo, Wabash and Western Railway Company, was indebted to said execution defendant on account for freight transferred and money owed by the former to the latter, in about the sum of nine hundred dollars, which sum or any part thereof the execution defendant refused to apply to said judgment and costs; and that the said sum and said property largely exceeded in value the amount exempt by law from execution to parties entitled to the benefits of the exemption law of this State. Wherefore, etc.

The appellants, the said railway companies, filed their

separate answers, duly verified, to the appellee's affidavit and motion.

The Hon. Edwin P. Hammond, Judge of the 30th Judicial Circuit, was appointed and authorized to hear and determine this cause, and presided at and during the trial thereof. The cause was tried by the court, and a finding was made for the appellee, " that he did on the 6th day of February, 1874, recover a judgment in this court against the defendant, The Logansport, Crawfordsville and South-Western Railway Company, for the sum of six hundred and eighty-three dollars and seventy-six cents and his costs therein ; that said judgment and costs are due and remain wholly unpaid, and that an execution has been duly issued on said judgment and costs and placed in the hands of the sheriff of said county, and is now in the hands of said sheriff, and that he has not been able to find any property whereon to levy ; that on the 6th day of April, 1874, at the time of the service of notice herein on the defendant, The Toledo, Wabash and Western Railway Company, said defendant last-named was then indebted to said defendant, The Logansport, Crawfordsville and South-Western Railway Company, in the sum of thirteen hundred and eighty-nine dollars and thirty-two cents, and that a sufficient amount of said. indebtedness to pay said judgment and costs, and the costs of this action, should be applied to the payment of the same, within sixty days from this date." To which said finding of the court the appellants severally excepted, and separately moved the court for a new trial, which motions were severally overruled, and to these rulings they separately excepted. They then severally moved the court in writing in arrest of judgment, which motions were also overruled, and to these decisions they separately excepted ; and judgment was rendered by the court, upon and in accordance with its finding.

The appellants were allowed seventy days' time within which to file their bill of exceptions, and the same was filed accordingly on the 26th day of June, 1874, and within the time limited. Afterward, on the 27th day of January, 1875, there was also filed, as the record shows, what is called "An amended bill of exceptions."

The appellants have properly assigned, as errors, the decisions of the court in overruling their motion for a new trial, and their motion in arrest of judgment. The appellants, the two railroad companies, in their separate verified answers to the appellee's affidavit and motion, each for itself, alleged that the appellant, The Toledo, Wabash and Western Railway Company, was not indebted to its coappellant, The Logansport, Crawfordsville and South-Western Railway Company, the said execution defendant, in any sum or upon any account whatever. When the cause was called for trial, the appellee introduced a witness for the purpose of proving some of the matters stated in his affidavit and motion, but the appellants objected to the introduction of any evidence, upon the ground, as we understand their objection, that, as they had fully answered in writing, under oath, denying the existence of any indebtedness from the Toledo, Wabash and Western Railway Company to its coappellant, the execution defendant, those answers were final and could not be controverted by the appellee, in this proceeding. This objection of the appellants was overruled by the court, and to this decision they excepted; and, in their motion for a new trial, they assigned this ruling of the court as a cause for such new trial, as alleged error of law occurring at the trial and excepted to. In their argument of this cause in this court, the appellants' counsel earnestly insist that the trial court erred in this ruling and in permitting the appellee to introduce evidence on the hearing of this cause or proceeding, for the purpose of contradicting the verified answers of the appellants.

From the appellee's affidavit and motion, a summary of which we have given, it is manifest that this proceeding was instituted under the provisions of section 522 of the practice act. This section reads as follows:

" Sec. 522. After the issuing or return of an execution against the property of the judgment debtor, or any one of the several debtors in the same judgment, and upon an affidavit that any person or corporation has property of such judgment debtor, or is indebted to him in any amount, which, together with other property claimed by him as exempt from execution, shall exceed the amount of property so exempt by law, such person, corporation, or any member thereof, may be required to appear and answer concerning the same, as above provided." 2 R. S. 1876, p. 231.

In support of their position in regard to the finality of the verified answers of the appellants, their counsel have referred us, with much apparent confidence, to the opinion of this court in the case of *Burt* v. *Hœttinger*, 28 Ind. 214. In that case, after quoting sections 519 and 522 of the practice act, the court say:

" These sections contain the only provisions as to the particular subject-matter of inquiry authorized under such proceedings. They institute a summary mode of ascertaining what property a judgment defendant may have in his possession, or under his control, or in the possession of others, subject to execution, and also the debts, if any, that may be owing to him. These are the only subjects of inquiry. No authority is given for making third persons defendants for any other purpose than to answer as to any property held by them belonging to the judgment defendant, or as to their indebtedness to him. The court or judge has no power, in this form of procedure, to adjudicate and settle controverted questions of right between the judgment debtor and third parties,

nor to set aside a sale or conveyance of property by the. debtor on the alleged ground of fraud. Such questions must be tried in another form of action."

It must be conceded, we think, that the extract quoted from the opinion of the court, in the case cited, tends strongly to sustain the appellants in the position assumed by their counsel, in the case now before us. We are not required in this case to consider the provisions of section 519 of the practice act; for, in his affidavit and motion, the appellee has not asked for any relief under the provisions of that section. If said section 522 stood alone and were not supplemented, as it is, by sections 523 and 524, which prescribe the practice in such proceedings, the orders and decrees which may be made and rendered therein, and the mode of enforcing the same, we would be strongly inclined to approve of and adopt the construction of section 522, so clearly stated by the learned judge who wrote the opinion of the court, from which the foregoing quotation is made, in the case cited. But we are clearly of the opinion, that in proceedings supplementary to execution, instituted under section 522 of the code, against the execution defendant and either his debtor or the custodian of his property, the answers of the defendants under oath, in denial either of the possession of such property or of the existence of the alleged indebtedness, are not final and conclusive upon any question of fact involved therein; but, as to any such question, pleadings may be filed, and issues, either of law or of fact, may be joined by and between the plaintiff and the defendants or either of them, or by and between the defendants, and such issues so joined may be heard, tried and determined in the same manner as other issues of law or fact, in other civil actions or proceedings.

In such proceedings, with all interested parties properly before the court, and with issues properly joined by

and between them, we do not know of any good or sufficient reason why any and all controverted questions between all or any of the parties may not and should not be heard, tried and determined, or why it should be said that " such questions must be tried in another form of action." The reason given by the court in the case cited, that " no authority is given for making third persons defendants, for any other purpose than to answer as to any property held by them belonging to the judgment defendant, or as to their indebtedness to him," is certainly not warranted nor sustained, we think, by the statutory provisions in relation to such proceedings. For, in section 524 of the practice act, the court is authorized to make and enforce such orders and decrees in relation to the third persons who have been required to answer in such proceedings, as have all the binding force and effect that other judgments in other civil actions would have. 2 R. S. 1876, p. 232.

In our opinion, therefore, the court did not err in admitting evidence, over the appellants' objections, for the purpose of controverting matters alleged in their answers. In so far as this decision is in conflict with the case of *Burt* v. *Hœttinger, supra,* or any other cases in this court, such cases are overruled.

The evidence in the record, as contained in the bill of exceptions filed in this case on the 26th day of June, 1874, and within the seventy days allowed therefor by the court, was clearly not sufficient to sustain the finding for the appellee. A paper writing, purporting to be an " amended bill of exceptions " in this case, was filed in the office of the clerk of the Cass Circuit Court on the 27th day of January, 1875, and has been copied by the clerk in the amended transcripts which have been returned to this court on writs of *certiorari.* This " amended bill of exceptions " was thus filed more than nine months after the

rendition of the judgment below in this action, about seven months after the expiration of the time allowed by the court for the filing of the bills of exceptions herein, and more than six months after the filing of the first transcript in this court, on this appeal. We know of no law which would authorize or warrant the filing of this so-called "amended bill of exceptions" at the time it was filed, or make it a part of the record of this cause. It is settled by a large number of the decisions of this court, that where time is given beyond the term, in which to prepare and file a bill of exceptions, the record must affirmatively show that it was not only signed but filed within the time limited, or it will not constitute a part of the record. Buskirk Prac. 144, and cases cited.

Both the appellants assigned as cause for a new trial, in their separate motions therefor, the insufficiency of the evidence; and for this cause these motions ought to have been sustained.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the motions for a new trial.