McMahan *v.* Works *et al.*

No. 7329.

McMAHAN *v.* WORKS ET AL.

TRIAL BY JURY.—The clause of the constitution, providing that in all civil cases the right of trial by jury shall remain inviolate, embraces only such cases as were treated as civil cases in this State when the constitution was adopted.

SAME.—*Proceedings Supplementary to Execution.*—In a proceeding supplementary to execution, under section 522 of the code, where issues of fact are formed, such as in ordinary cases are triable by jury, the party demanding it may have a trial by jury.

From the Tippecanoe Superior Court.

*A. Parsons* and *E. A. Greenlee*, for appellant.

WOODS, J.—The appellant, who was the plaintiff below, demanded a trial by jury of the issues joined. This the court refused, and upon a trial had found for the defendants and gave judgment accordingly.

The action was a proceeding supplementary to execution. The complaint was against John Works and Luther Lucas, and averred the recovery by the plaintiff in the Tippecanoe Circuit Court of a judgment against Jared Jarvis and John Works for the sum of $236.31 and costs, which remains unpaid; that an execution had been issued thereon against said defendants; and that said Works had money demands and choses in action against said Lucas which he unjustly refuses to apply toward the satisfaction of said judgment. This complaint was accompanied with an affidavit of the plaintiff, wherein are embodied the averments of the complaint and the further allegation that said Lucas is indebted to said defendant John Works, in the sum of $225, which, together with other property claimed as exempt from execution by said Works, will exceed the amount of $300.

Works filed a sworn answer denying the allegation of the complaint, "except that the plaintiff has a judgment against him, and that he has an execution thereon."

Lucas answered under oath, admitting the execution by him of a note to said Works, on which there remained due $100.13, which he brought into court; that he was informed, and averred the fact to be, that said note had been assigned, on a good and valuable consideration, before the commencement of this proceeding, to Hester A. Works,

whom he asked to be made a party to this suit, and the rights of all parties be determined, etc.

Upon the order of the court that said Hester A. Works be made a party, she appeared and filed a pleading, wherein she claimed to be the assignee of said note against said Lucas for a valuable consideration, which is sufficiently set forth in the pleading. The plaintiff filed a reply in general denial to the pleading last named.

The constitution of the State, article 1, section 20, provides, that, "In all civil cases, the right of trial by jury shall remain inviolate;" but it is well settled that this clause of the constitution embraces only such cases as were treated as civil cases in this State when the constitution was adopted. The Lake Erie, etc., R. R. Co. v. Heath, 9 Ind. 558; The Norristown, etc., Turnpike Co. v. Burket, 26 Ind. 53.

In the case of Coffin v. McClure, 23 Ind. 356, which, like the case in hand, was begun under section 522 of the code, it is said: "This is not a case in which pleadings are contemplated as in other cases. It is a summary proceeding, designed without delay to accomplish the purpose which was formerly attained by a creditor's bill; and the answer is to be regarded as evidence on the hearing." In Burt v. Hœttinger, 28 Ind. 214, it was held that "The court or judge has no power, in this form of procedure, to adjudicate and settle controverted questions of right between the judgment debtor and third parties, nor to set aside a sale or conveyance of property by the debtor on the alleged ground of fraud. Such questions must be tried in another form of action." But this case is expressly overruled in the recent case of The Toledo, etc., R. W. Co. v. Howes, 68 Ind. 458, wherein, inter alia, the court says: "But we are clearly of the opinion that in proceedings supplementary to execution, instituted under section 522 of the code, against the execution defendant and either his debtor or the custodian of his property, the answers of the defendants under

McMahan v. Works et al.

oath, in denial either of the possession of such property or of the existence of the alleged indebtedness, are not final and conclusive upon any question of fact involved therein; but, as to any such question, pleadings may be filed, and issues, either of law or of fact, may be joined by and between the plaintiff and the defendants or either of them, or by and between the defendants, and such issues so joined may be heard, tried and determined in the same manner as other issues of law or fact, in other civil actions or proceedings." And in this case the further conclusion is reached and enunciated, that in this proceeding it is proper that third persons should be made parties, not solely "to answer as to any property held by them belonging to the judgment defendant, or as to their indebtedness to him," but to answer as to any interest or conflicting claim which they may have or pretend to have to the property or credits sought to be reached.

The doctrine of the last case does no violence to the letter of the law, is consistent with the spirit of the code, and gives to the procedure an available efficiency of which it was to a large extent deprived by the case overruled, and other cases looking in the same direction.

We adhere, therefore, to the last case, and follow it to the logical conclusion, that where issues of fact are formed, such as, in ordinary cases, are and always have been triable by jury, the parties should not be denied the right of such trial.

In the case at bar, upon the interpleader of the defendant Lucas, Hester A. Works was made a party, and between her and the plaintiff an issue of fact was formed, as to whether she was a good-faith purchaser, before the suit, of a note which Lucas had executed to John Works, the judgment defendant. This was apparently the only disputed question of fact in the case; it made the case simply a trial of the right of property, and, upon request of either party, a jury should have been called to try the question.

Judgment reversed, with costs.