## PETER KISSELL ET AL. V. HAYDEN P. ANDERSON.

1. *Transcript.*—Where it does not contain the motion for new trial this court presumes said motion to have been properly ruled on below.

2. *Assignment of Error.*—Objection to form or substance of a judgment cannot be made in this court for the first time.

3. *Proceedings Supplemental to Execution—Practice.*—Same in as in other civil suits. Objections based upon evidence must be saved by motion for *new trial*, etc.

Filed June 14, 1881.

Appeal from Marion Superior Court.

Opinion of the court by Mr. Chief Justice Howk.

This was a proceeding supplementary to execution, by the appellee, Hayden P. Anderson, as the execution-plaintiff against the appellant, Peter Kissell, as the execution-defendant, and the appellant, John Kissell, and divers other persons, who were alleged to hold certain property of, or to be indebted to, the said execution-defendant. The proceedings were commenced under, and in conformity with, the provisions of section 519 and 522, of the civil code. Upon the hearing of the cause, at special term, the court found that certain personal property, particularly described, claimed by the appellant, John Kissell, as his separate property, was not the property of said John Kissell, but was, in fact, the property of the execution-defendant, Peter Kissell, and subject to the lien of the appellee's execution, then in the hands of the sheriff of Marion county; and upon this finding, the court ordered and adjudged that the appellants, Peter and John Kissell, should forthwith surrender the said personal property to the sheriff, etc., for levy and sale, under said execution.

On appeal to the general term of the court, the judgment at special term was affirmed; and from this judgment of affirmance this appeal is now here prosecuted.

By a proper assignment of error, the appellants have brought before this court the errors assigned by them, in the general term of the court below, which were as follows:

"1.   The court erred in refusing the defendants a new trial herein.

"2.   The court erred in rendering judgment for the plaintiff for the amount of property mentioned in the decree.

"3.   The court erred in finding that the corn and other grain, potatoes and hay, raised on the farm by John Kissell, were the property of Peter Kissel and subject to the plaintiff's execution."

The appellant's motion for a new trial is not in the transcript of the record, on file in this court; but the clerk of the court below has certified that the motion was "not on file." The "written causes filed at the time of making the motion" for a new trial, and upon which the motion was made, are a necessary part of the record, and in their absence, we cannot well say that the trial court erred in overruling the appellant's motion for a new trial in the case now before us. In section 352 of the code, it is provided that a new trial may be granted, for certain specified causes; some of which causes, under section 355 of the code, "must be sustained by affidavit showing their truth."

When the written motion and causes for a new trial are not set forth in the record, this court cannot decide that the court below erred in overruling such motion; for, it might well be that the motion had been overruled, for the reason that the cause or causes relied upon for a new trial had not been properly assigned therein. Every reasonable presumption must be entertained and allowed, in support of the court's decision, in overruling the motion for a new trial; and, as the motion and the causes assigned therein, for such new trial, are not found in the transcript, it is certain, we think, that the record does not exclude the presumption, that the appellants' motion was correctly overruled, for good and sufficient reasons. *Myers* v. *Murphy*, 60 Ind. 282; *Stott* v. *Smith*, 70 Ind. 298; *Bowen* v. *Pollard*, 71 Ind. 177. The first alleged error, therefore, is not apparent in the record.

No objections were made below by the appellants, or either of them, either to the form or substance of the judgment rendered, in whole or in part. It is well settled, by the decisions of this

court, that such objections cannot be made for the first time in this court. Therefore, the second error is not well assigned, and presents no question for our decision. *Brownlee* v. *Hare*, 64 Ind. 311.

By the language used, in the third alleged error, we suppose that the appellant intended to assign, that the finding of the court, as to the articles of property mentioned in said error, was not sustained by sufficient evidence. This would have been a proper cause for a new trial, in a motion therefor addressed to the trial court; but the record fails to show that it was assigned by the appellants as a cause for new trial, and it cannot be complained of as error for the first time in this court. This rule of practice is well settled, and is, we think, wise and just.

Under the early decisions of this court, in regard to proceedings supplementary to execution, under section 522 of the code, it is doubtful if any motion for a new trial would have been deemed necessary to the proper presentation here of any erroneous decision of the trial court. But, in the recent case of the *Toledo Railway, etc., Co.* v. *Howes*, 68 Ind. 458, it was decided by this court, and we think correctly so, that in proceedings supplementary to execution, under said section 522, against the execution-defendant and either his debtor or the custodian of his property, " pleadings may be filed and issues, either of law or fact, may be joined by and between the plaintiff and the defendants or either of them, or by and between the defendants, and such issues so joined may be heard, tried and determined in the same manner as other issues of law or fact, in other civil actions or proceedings."

The effect of this decision is, to place proceedings supplementary to executions substantially on the same footing, as any other civil action; and therefore, if any party to such proceedings may wish to take the opinion of this court, in regard to any supposed error of the trial court therein, we are of the opinion that such error must be saved and presented in and by the record, in the same manner as in any other civil action. It follows that, in the case at bar, a motion for a new trial, addressed to the court below, at special term was necessary to the proper presentation of the matters complained of as erroneous, either in the general term below or in this court. *McMahan* v. *Works*, decided at the last term.

We find no error in the record.

The judgment is affirmed at the appellant's costs.

F. M. Finch, John A. Finch, for appellant.

Charles P. Jacobs, for appellee.