No. 12,265.

## BURKETT ET AL. *v.* HOLMAN.

PRACTICE.— *When Defective Complaint Cured by Judgment.*—*Supreme Court.*— Where the defects in a complaint are such as may be obviated by evidence on the trial, they will be held cured by the finding and judgment, when questioned for the first time by an assignment of error in the Supreme Court.

CHANGE OF JUDGE.—*Affidavit.*—*Practice.*—Under section 412, R. S. 1881, in any civil action, when the proper affidavit for a change of judge is made and filed by a party, the court, or the judge in vacation, has no discretion, but must grant the change.

SAME.—*Proceedings Supplementary to Execution.*—"*Civil Action.*"—A proceeding supplementary to execution is such a civil action as entitles a party, upon a proper application, to a change of venue or judge.

From the Fulton Circuit Court.

*M. R. Smith* and *G. W. Holman,* for appellants.

*J. Rowley, M. A. Baker, M. L. Essick* and *O. F. Montgomery,* for appellee.

HOWK, J.——In this case, the appellee, Holman, filed his verified complaint, in the court below, against the appellants Burkett, McCarter and Smith, under the provisions of section 819, R. S. 1881. This section is a literal re-enactment of section 522 of the civil code of 1852, and it contains provisions in relation to what were called, in that code, *"Proceedings Supplementary to Execution."* In his verified complaint, the appellee alleged that he had recovered a judgment, before a justice of the peace of Fulton county, against the appellant Burkett, for $122.10, and that an execution issued by the justice, on such judgment, to the proper constable, had been returned unsatisfied; that thereupon appellee caused a transcript to be made out, by such justice, of all the proceedings in such cause, which transcript was filed in the office of the clerk of the Fulton Circuit Court, and an execution was issued to the sheriff of Fulton county, which execution was returned wholly unsatisfied, no property of Burkett being found.

Appellee further alleged, that appellant McCarter, a resident of Fulton county, was indebted to Burkett in the sum of $1,000, and the appellant Smith was also indebted to Burkett, the amount of which indebtedness was unknown to appellee; which, with the amount already in the hands of Burkett, claimed by him as exempt from execution, exceeded the amount so exempt by law from execution. Wherefore, etc.

There was no demurrer filed to this complaint, but the sufficiency of the facts therein stated to constitute a cause of action is called in question here, by appellants' assignment, as error, that such complaint does not state sufficient facts. If the sufficiency of the complaint had been " tested by demurrer or motion to dismiss or strike out the same," in the circuit court, as is provided in section 822, R. S. 1881, it would seem to us that it was clearly insufficient for the following reasons: 1. Because it failed to show that the execution, issued by the justice, had been returned by the proper constable, endorsed " that no goods or chattels could be found sufficient to satisfy the judgment or a part thereof," or that the justice's certificate of such return by the constable had been filed and recorded with the transcript of the judgment, in the proper order-book, as required by section 614, R. S. 1881; 2. Because it was not alleged in such complaint, that before the issue of the execution to the sheriff of Fulton county, the appellee or his agent filed with the proper clerk " his affidavit that the judgment is unpaid in whole or in part, stating the amount due," as required by the same section 614; and 3. Because, in such complaint, the appellee did not allege that the judgment, or any part thereof, was due and unpaid. If these objections to the complaint had been presented at the proper time and in the proper manner, they would have been fatal, we think, to its sufficiency. But, after trial and judgment, and on appeal to this court, these objections to the complaint come too late; for they are such as might have been and, doubtless, were obviated by the evidence on the trial, and cured by the finding and judgment.

*Donellan* v. *Hardy*, 57 Ind. 393; *Field* v. *Burton*, 71 Ind. 380; *Baltimore, etc., R. R. Co.* v. *Kreiger*, 90 Ind. 380.

The questions chiefly discussed by appellants' counsel, in their briefs of this cause, and upon which they seem to rely for the reversal of the judgment and orders of the court below, are such as arise under the alleged error of the court in overruling their motion for a new trial. In this motion, the first cause assigned for such new trial was an alleged error of the court in overruling appellants' motion for a change of judge. It is shown by a bill of exceptions appearing in the record, that, at the proper time, the appellants moved the court, upon affidavit filed, for a change of judge, upon the ground that they could not have a fair and impartial trial in this cause, "on account of the bias and prejudice of the judge before whom the said cause is pending." This motion was overruled by the court, the appellants excepted to the ruling at the time and filed their bill of exceptions, and they assigned such ruling as cause for a new trial, in their motion therefor. The question, therefore, is fairly saved in the record of this cause, and is properly presented here for our decision. Did the trial court err in refusing the appellants a change of judge, or, as it is inaptly called, "a change of venue" from the judge?

In section 412, R. S. 1881, it is thus provided: "The court in term, or the judge thereof in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes: * * * *

"*Seventh.* When either party shall make and file an affidavit of the bias, prejudice, or interest of the judge before whom the said cause is pending."

The language of this section of the civil code is mandatory, and there can be no doubt that, in any civil action, when the proper affidavit is made and filed by the proper party, at the proper time, the court in term, or the judge in vacation, before whom the cause is pending, has no discretion, but must

grant the change of venue or change of judge. This is settled by many decisions of this court. *Krutz* v. *Griffith*, 68 Ind. 444; *Shoemaker* v. *Smith*, 74 Ind. 71; *Heshion* v. *Pressley*, 80 Ind. 490.

In the early case, under the code, of *Witter* v. *Taylor*, 7 Ind. 110, the court said: "Applications for change of venue, in civil cases, are not addressed to the discretion of the court. Like surety to keep the peace, they are measured more by the feelings of the party making the application, than by any distinctive features which the court might recognize as a just ground of apprehension. If the affidavit is in substantial conformity to the statute, the change must be granted. The statute is explicit." *Shaw* v. *Hamilton*, 10 Ind. 182; *Shattuck* v. *Myers*, 13 Ind. 46; *Goldsby* v. *State*, 18 Ind. 147.

We do not understand that appellee's learned counsel, in their brief of this cause, controvert the law as we have stated it, in relation to a change of judge or change of venue, in a civil action. But counsel claim that such a suit as the one at bar is not a "civil action" within the meaning of the sections of the civil code providing for a change of venue or a change of judge. Counsel further claim that such a suit as the one now before us is a special proceeding, to which the general provisions of the civil code are not applicable, except as expressly made so, and that, in such a proceeding, no provision whatever is made, in the code or elsewhere, for either a change of venue or a change of judge. Therefore, it is claimed by appellee's counsel, that the appellants' motion for a change of judge, or for a change of venue from the judge, was unwarranted and unauthorized by law, and that no available error was committed by the court in overruling such motion, or in refusing such change of judge or change of venue. We are not inclined, however, to adopt this view of the question now under consideration.

In the first section of the civil code of 1881, section 249, R. S. 1881, it is thus provided: "There shall be no distinction in pleading and practice between actions at law and suits

in equity; and there shall be but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action."

On the 19th day of September, 1881, the civil code of 1881 took effect, and superseded and, in effect, repealed the civil code of 1852, which had been in force since May 6th, 1853. Under the old code of 1852, what appellee's counsel denominate a " special proceeding " was contemplated and provided for. Thus, in section 682 of the old code, it was thus provided: " The party procuring a special proceeding shall be known as the plaintiff, and the adverse party as the defendant." 2 R. S. 1876, p. 281. Even this slight reference to, or authority for, what is called a special proceeding, is nowhere to be found in the civil code of 1881.

We have said that section 819, R. S. 1881, under which this suit was instituted, is a literal re-enactment of section 522 of the civil code of 1852. So, also, we may say that sections 820 and 821 of the civil code of 1881 are substantially re-enactments of sections 523 and 524 of the old code of 1852. These sections 522, 523 and 524 of the civil code of 1852 have often been examined and considered by this court; and, in regard to their provisions, there is some contrariety of opinion in our decisions, but not upon the questions presented in this case.

In *Toledo, etc., R. W. Co.* v. *Howes,* 68 Ind. 458, the court said : " But we are clearly of the opinion, that in proceedings supplementary to execution, instituted under section 522 of the code, against the execution defendant and either his debtor or the custodian of his property, the answers of the defendants under oath, in denial either of the possession of such property or of the existence of the alleged indebtedness, are not final and conclusive upon any question of fact involved therein; but, as to any such question, pleadings may be filed, and issues, either of law or of fact, may be joined by and between the plaintiff and the defendants or either of them, or by and between the defendants; and such issues so joined may

be heard, tried and determined in the same manner as other issues of law or fact, in other civil actions or proceedings."

So, in *Kissell* v. *Anderson*, 73 Ind. 485, after referring to the decision in *Toledo, etc., R. W. Co.* v. *Howes, supra,* the court said : " The effect of this decision is to place proceedings supplementary to execution substantially on the same footing as any other civil action; and, therefore, if any party to such proceedings may wish to take the opinion of this court, in regard to any supposed error of the trial court therein, we are of the opinion that such error must be saved and presented in and by the record, in the same manner as in any other civil action." To the same effect, substantially, are the following cases : *McMahan* v. *Works,* 72 Ind. 19 ; *Abell* v. *Riddle,* 75 Ind. 345 ; *Johnson* v. *Jones,* 79 Ind. 141, on p. 147 ; *Fowler* v. *Griffin,* 83 Ind. 297.

In section 822, R. S. 1881, it is provided as follows : "Costs shall be awarded and taxed in this proceeding as in other cases ; and all proceedings under this act, after the order has been made requiring parties to appear and answer, shall be summary, without further pleadings, upon the oral examination and testimony of parties and witnesses. But the sufficiency of the order and of the affidavit first filed by the plaintiff may be tested by demurrer or motion to dismiss or strike out the same."

All of this section 822, except so much thereof as relates to the award and taxation of costs, is new legislation, that is, it is not to be found in the old code of 1852, but appears for the first time in the civil code of 1881. So much of the section as relates to costs is a literal re-enactment of section 525 in the civil code of 1852. 2 R. S. 1876, p. 232. The new legislation in such section is what may be called a legislative overruling, by implication, of the decisions of this court, in *Toledo, etc., R. W. Co.* v. *Howes, supra,* and the cases which follow it. That is, contrary to the decisions of this court in the cases cited, that pleadings might be filed and issues of law

or fact formed, in such suits as the one at bar, section 822 provides, in effect, that there shall be no pleadings filed in such cases, except that the sufficiency of the plaintiff's affidavit or verified complaint "may be tested by demurrer, or motion to dismiss or strike out the same." The reasons for this new legislation are not obvious, and its policy might well be doubted; but, of course, it is a proper subject of legislation, and, in such a case, the policy of the law is not a question for the courts. We are not inclined, however, to extend the provisions of section 822, by construction, beyond the plain import of the language used therein. By the terms of the section, the proceedings in such a suit as this are to be "summary," in the sense that they are to be "without further pleadings," but in no other sense. Such a suit is what the code denominates a "civil action," and certainly there is nothing in section 822, or in any other section of the civil code of 1881, to indicate that the proceedings in such suit are so "summary" that a party may not, upon a proper application made at the proper time, obtain a change of venue or a change of judge therein.

In the case in hand, we are of opinion that the trial court erred in overruling the appellants' motion for a change of judge, or a change of venue from the judge, and that, for this error of law, their motion for a new trial ought to have been sustained.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Filed Nov. 23, 1885.