The American White Bronze Company *et al. v.* Clark.

No. 14,004.

THE AMERICAN WHITE BRONZE COMPANY ET AL. *v.* CLARK.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—*New Parties.*—In a proceeding supplementary to execution, new parties may be brought in by proper pleadings, and be required to answer in respect to any interest or conflicting claim which they may have or assert to the property or indebtedness due the execution defendant which is sought to be reached.

SAME.—*Trial by Jury.*—In a proceeding supplementary to execution, when issues of fact are formed, a jury trial as in ordinary civil cases is proper.

ABATEMENT.—*Prior Action Pending.—What Plea Must Show.*—A plea in abatement on the ground of a prior action pending, is insufficient which does not show that another action was pending between the same parties, involving the same cause of action, at the time the proceeding sought to be abated was commenced.

VENIRE DE NOVO.—*General Verdict.—Sufficiency of.*—Where a general verdict is returned by the jury, and the whole issue is found, there is no ground upon which to predicate a motion for a *venire de novo.*

NEW TRIAL.—*Application for.— When Must be Made.*—An application for a new trial must be made during the term at which the verdict or decision is rendered, or if the verdict or decision be rendered on the last day of the session or term of court, then on the first day of the next term.

SAME.—*Motion for.— Time of Filing.—Agreement as to.—Authority of Attorney to Make.—Semble,* it is exceedingly doubtful whether an attorney would have authority to bind his client by an arrangement whereby the motion for a new trial might be made at the next term of court,

although the decision or verdict was not rendered on the last day of the term, unless the agreement is entered upon the minutes of the court, or made in conformity with the provisions of the statute.

From the Clinton Circuit Court.

*M. E. Clodfelter, H. C. Sheridan* and *J. W. Merritt,* for appellants.

*A. D. Thomas,* for appellee.

MITCHELL, C. J.—This was a proceeding supplementary to execution, and was originally instituted by Edwin Clark against Mary Ann and William L. Lee. The plaintiff charged in his complaint that he had recovered a judgment in the Montgomery Circuit Court against Milton C. Clark for a sum named, that he had caused an execution to be placed in the hands of the sheriff of Montgomery county, that being the county in which Milton Clark, who was alleged to be an unmarried man, resided. It was also charged that Mary Ann Lee and William L. Lee were each indebted to Milton C. Clark in specific sums, which the latter was not entitled to claim as exempt from execution, and which he unjustly refused to apply to the satisfaction of the judgment and costs theretofore recovered by the plaintiff. Subsequently, it appearing that the American White Bronze Company was asserting some claim to the indebtedness due from Mary Ann and William L. Lee to Milton C. Clark, that company, upon the order of the court, was made a party to answer to any claim or interest it had to the above indebtedness. This was done by means of an amended complaint, in which it was alleged that the Bronze Company claimed to be the owner of the indebtedness due from the Lees to Clark, and in which it was averred that the company had no interest.

There was no error in the order requiring new parties to be brought in. Although at one time denied, it may now be accepted as settled that in proceedings of this character parties may be brought in by proper pleadings, and required to

answer in respect to any interest or conflicting claim which they may have or assert to the property or indebtedness due the execution defendant which is sought to be reached. *Mc-Mahan* v. *Works*, 72 Ind. 19; *Toledo, etc., R. W. Co.* v. *Howes*, 68 Ind. 458; *Burkett* v. *Holman*, 104 Ind. 6.

There is no valid objection to the complaint. The facts therein stated were sufficient to require all the defendants to answer. It is enough to say that the answer of the American White Bronze Company, which purported to be a plea in abatement, did not state facts sufficient to abate the proceeding. It was not a sufficient plea of a prior action pending. It did not show that another action was pending between the same parties, involving the same cause of action, at the time this proceeding was commenced. 1 Works Pr., section 567; *Morris* v. *State, ex rel.*, 101 Ind. 560.

It is also settled that in a proceeding of this character, where issues of fact are formed, a jury trial as in ordinary civil cases is proper. *McMahan* v. *Works, supra.*

The verdict of the jury was general for the plaintiff, and was not defective. The whole issue was found, there was therefore no ground upon which to predicate a motion for a *venire de novo.*

The statute requires that the application for a new trial must be made during the term at which the verdict or decision is rendered, or if the verdict or decision be rendered on the last day of the session or term of court, then on the first day of the next term. Section 561, R. S. 1881. The verdict in the present case was not rendered on the last day of the session or term, and the application for a new trial was not made until the next term of court. The court heard affidavits upon the subject of whether or not there had been an agreement between the attorneys that the application might be made at the ensuing term, and after considering the affidavits sustained the motion to strike out the application.

It would be exceedingly doubtful whether an attorney

would have authority to bind his client by such an agreement, unless it was entered upon the minutes of the court, or made in conformity with the provisions of the statute. Section 968, R. S. 1881 ; *Louisville, etc., R. W. Co.* v. *Boland,* 70 Ind. 595 ; *Hudson* v. *Allison,* 54 Ind. 215.

We can not disturb this ruling. There was evidence tending to sustain the ruling of the court.

The judgment is affirmed, with costs.

Filed Feb. 28, 1890 : petition for a rehearing overruled April 25, 1890.