Filed Oct. 2, 1891.

———————◆———————

No. 437.

## HARRIS *v.* HOWE.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—*Fraudulent Conveyance.*—
*Trust.*—*Pleading.*—In a proceeding supplementary to execution under
sections 815–822, R. S. 1881, the fraudulent character of a transfer of
property may be inquired into, but the plaintiff must disclose in his
complaint or affidavit the nature of the claim he seeks to enforce against
the third party, and if he relies upon a fraudulent transaction between
the judgment debtor and such third party, there should be proper aver-
ments thereof. And so if he regards the transaction as amounting to
a trust, he should set out the facts constituting the trust.

From the Bartholomew Circuit Court.

*S. Stansifer* and *C. S. Baker,* for appellant.

*J. C. Orr* and *W. S. Swengel,* for appellee.

REINHARD, J.—This is an appeal from a judgment ren-
dered by the court below in favor of the appellee, who was
plaintiff, in a proceeding supplementary to execution, under
sections 815–822, R. S. 1881.

It is averred in the complaint that on the 28th day of
February, 1887, the plaintiff recovered a judgment in the
Bartholomew Circuit Court against one Laura Foster, for
$131.45, and costs, upon which execution duly issued against
said Laura Foster, a resident of the county of Bartholomew,
which has been returned wholly unsatisfied, and that no part
of said judgment has since been paid ; that said Henry C.
Harris, a resident of said county, has certain properties and
moneys in his possession belonging to said Laura Foster,

and is indebted to her in the sum of $1,500, which, together with the amount already in the hands of said Laura Foster, subject to be claimed as exempt from execution, exceeds the amount so exempt by law, and that said Laura Foster has refused, and still refuses, to pay, or cause to be paid, any portion of said money in the hands of said Harris, to the payment of said judgment. Wherefore, etc.

The complaint, which was duly verified, was demurred to by each defendant separately, and the demurrer overruled. The cause was tried by the court, resulting in a finding and judgment for the plaintiff.

In a motion for a new trial the appellant assigned the following reasons:

" 1.   The decision is not sustained by sufficient evidence.

" 2.   The decision is contrary to law.

" 3.   The decision is contrary to the law and the evidence."

The motion was overruled, and, over the objection and exception of the appellant, judgment was rendered on the finding, and the cause appealed to the Supreme Court, and from there it was transferred to this court, by special order. *Harris* v. *Howe*, 129 Ind. ——.

The errors assigned are:

1.   The overruling of the appellant's demurrer to the complaint.

2.   The overruling of the motion for a new trial.

3.   " The court erred in ordering appellant to pay appellee's judgment against Laura Foster."

The evidence tends to prove that Laura Foster is the daughter of the appellant, and was formerly the wife of one George Ely, from whom she was divorced. Ely was the owner of forty acres of land, worth $125 per acre, and household goods worth $200. Before they were divorced the parties conveyed the land to the appellant for a stipulated amount, of which Laura was to receive $1,500 from her father. She was living with her father when the deed was made.

Some time afterward she executed to the appellant the following instrument of transfer :

"Whereas, in the purchase of George W. Ely's land, in Bartholomew county, Indiana, by my father, Henry C. Harris, and in the deed for which I joined, fifteen hundred dollars ($1500) of the purchase-money was to be paid by my father to me, and which he now holds. Also in the property arrangement between said George W. Ely, my husband, made in view of our separation, I got a lot of household furniture, now in the possession of my father. And in consideration of love and affection for my father, and the further consideration that he has, since the separation of myself and husband, and does and will support me so long as I live with him, and the further consideration of moneys paid by him for me, I do hereby give, transfer and deliver to my father as his own absolute property all of said money and property, and I do release and relinquish to him all right or claim to said money or property, and all rights of action for or on account thereof.          LAURA ELY.

"Witness : WILLIAM H. HARRIS.

"February 29th, 1884."

When this agreement was made, Laura was under the age of twenty-one years, and living with her father who, she testified, had paid some of her debts, including the expenses of two divorce suits, but how much these debts amounted to is not shown. She was married to Foster September 20th, 1885, after having obtained a divorce from Ely, and some time after the deed was made.

Howe, the appellee, testified, that in August or September, 1884, Harris told him he had got all the land, and that Laura should have her share, but that he wanted to see first how "Bert" (Laura's husband, Foster), was going to do, before he gave her anything. He further testified that his claim was contracted during the year 1883 and part of 1884, which was known to appellant when the transfer of the land was made.

It is not claimed that any other property or money belonging to Laura was in the hands of her father, or that he owed her any other amount.

It is contended by appellant's counsel that a proceeding supplementary to execution is not the proper case for determining the fraudulent character of a conveyance, the disputed right to property, or an indebtedness which is denied, and that, therefore, inasmuch as the appellant denied that he was in any way indebted to Laura Foster, or had in his possession any money or other property belonging to her, the court had no power to investigate the *bona fides* of the transaction.

Under the ruling as laid down in the case of *Burt* v. *Hœttinger*, 28 Ind. 214, third persons could not be made defendants in proceedings supplementary to execution for any purpose other than to answer as to any property held by them and belonging to the judgment defendant, or as to their indebtedness to him, when the title to such property or the fact of such indebtedness was undisputed; but the court could not settle controverted questions of right between the debtor and third parties, nor set aside a sale or conveyance for fraud. Such questions as these, it was held, must be tried in another form of action.

But in *Toledo, etc., R. W. Co.* v. *Howes*, 68 Ind. 458, the court expressly overruled *Burt* v. *Hœttinger, supra*, upon this point, and decided that, as by the provisions of the statute all interested parties may be brought before the court, when so brought in, the parties could join issues upon all controverted questions between them which could be tried and determined, and that no good reason existed why "such questions must be tried in another form of action." To the same effect are: *Johnson* v. *Jones*, 79 Ind. 141; *Fowler* v. *Griffin*, 83 Ind. 297; *McMahan* v. *Works*, 72 Ind. 19.

In *Pounds* v. *Chatham*, 96 Ind. 342, it was held that,

Harris v. Howe.

where there is no averment of fraud in the affidavit in such a proceeding, *that* question could not be adjudicated.

In *Burkett* v. *Holman*, 104 Ind. 6, a case much relied upon by the appellant, it is held that section 822 of the statute, except so much thereof as relates to costs, is new legislation and constitutes a legislative overruling of *Toledo, etc., R. W. Co.* v. *Howes, supra*, and the cases which follow it. This " legislative overruling," as it is called, is, however, expressly declared to be confined to the matter of pleadings in such cases, the court holding, in effect, that aside from the affidavit or complaint (which may be tested by demurrer), no pleadings shall be filed in such cases. The court expressly limits its decision to this construction by declaring its unwillingness to extend the provisions of section 822, by construction, beyond the plain import of the language used therein and adds that, " By the terms of the section the proceedings in such a suit as this are to be ' summary,' in the sense that they are to be ' without further pleadings,' *but in no other sense.*"

The question in that case was, whether, in such a suit, a party was entitled to a change of venue; and it was held that, although by force of the " legislative overruling " referred to, the proceedings were made " summary," yet this was not so to the extent of destroying the character of such proceedings as a civil action, and that, therefore, the right to a change of venue remained the same as before.

In *Bipus* v. *Deer*, 106 Ind. 135, it was declared that the only difference in the statute of 1852 and the revision of 1881, relative to this subject, is that the revision dispenses with pleadings subsequent to the order requiring the defendant to appear and answer, while under the code of 1852 such pleadings were required.

In our opinion the case of *Pounds* v. *Chatham, supra*, is a much stronger authority in favor of appellant than *Burkett* v. *Holman, supra*, upon which he seems most to rely; and

is, in fact, the only recent case to which our attention has been called which at all supports his contention.

It was declared in *Pounds* v. *Chatham, supra,* that the question of the fraudulent transfer of property, alleged to be in the possession of a third party, may not be inquired into, at least without an averment of such fraud in the complaint or affidavit, and when the only allegation as to the property is that the third party is indebted to the execution defendant.

But in *Burkett* v. *Bowen,* 118 Ind. 379, it appears that the court took a view which might appear, at first blush, to be in conflict with *Pounds* v. *Chatham, supra.* It was there decided that the revision of 1881 in no way restricted the rights of the execution plaintiff, and that the question of the true ownership of the property in dispute might be litigated even where it is disputed by the judgment debtor. It does not appear, however, just what the facts were in that case, and hence we can not say that it forms any precedent in the determination of the question at issue.

The last expression of the Supreme Court upon this subject that has been brought to our attention is the case of *American White Bronze Co.* v. *Clark,* 123 Ind. 230. Here it was again held that in such a suit new parties may be brought into court by proper pleadings, and required to answer as to any interest or conflicting claims which they may have or assert to the property or indebtedness sought to be reached. But it is not decided that this may be done without the proper averments in the complaint. On the contrary, it is declared that it is only " by proper pleading " that third parties may be brought in, and " proper pleadings " would certainly require a showing as to the particular connection of such third parties with the transactions in suit.

Our conclusion is that, while the fraudulent character of a transfer of property may doubtless be inquired into in such a suit, the safe rule is to require the plaintiff to disclose in his complaint or affidavit the nature of the claim he seeks to enforce against a third party, and if he relies upon a fraud-

ulent transaction between the judgment debtor and such third party, there should be proper averments thereof. And so if he regards the transaction as amounting to a trust, he should set out the facts constituting the trust. This will give all parties an opportunity to meet the charges that may be alleged against them, and without further pleadings will put in issue the various questions made by the complaint.

The requirements as to pleadings in the old creditor's bill, of which this statute has taken the place under our system, were very strict, and compelled the petitioner to disclose in his bill all the facts upon which he relied. We do not think the code has entirely abrogated these rules as to the complaint, though in other respects as to the pleadings the action is made " summary."

It was decided in a California case that to maintain a creditor's bill in order to reach equitable assets alleged to have been fraudulently conveyed, it is not sufficient simply to charge that such conveyance was fraudulent, but facts and circumstances must be set forth which will reasonably sustain the theory of the bill. *Kinder* v. *Macy*, 7 Cal. 206. See, also, *Detroit Stove Works* v. *Koch*, 30 Ill. App. 328.

While we regard the complaint in the case before us as sufficient upon its face to withstand a demurrer, we do not think it was proper for the court to make any deductions of fraud from the evidence, or of the existence of a trust. The complaint did not proceed upon that theory. There was clearly a variance between its allegations and the evidence. In other words the evidence was insufficient to sustain the theory of the complaint, or the finding of the court.

The motion for a new trial should have been sustained.

Judgment reversed.

Filed Oct. 2, 1891.