Rodwell v. Johnston.

---

## RODWELL v. JOHNSTON ET AL.

[No. 18,770.  Filed Feb. 14, 1899.  Rehearing denied May 18, 1899.]

EXECUTION.—*Supplementary Proceedings.*—*Life Insurance.*—*Assignment of Policy* —Plaintiff sought by proceedings supplementary to execution to subject to the payment of her judgment against defendant, an endowment insurance policy on the life of defendant, which policy by its terms was payable fifteen years after date to the insured, his heirs, executors, administrators, or assigns. Before the commencement of the action the policy was sold and assigned by defendant to his wife. *Held*, that in the absence of fraud in the assignment of the policy the action could not be maintained.

From the Vanderburgh Circuit Court.  *Affirmed.*

*S. R. Hornbrook* and *W. M. Wheeler,* for appellant.

*W. M. Blakey* and *J. E. Williamson,* for appellees.

MONKS, C. J.—This was a proceeding supplementary to execution instituted by appellant against appellees. Appellant sought to subject to the payment of his judgment against appellee William A. Johnston, an endowment insurance policy on the life of said Johnston for $5,000, executed by the appellee, the New York Life Insurance Company, to said Johnston, payable in fifteen years after date to him, his heirs, executors, administrators, or assigns, and held by appellee Macke as security for the loan of money made by him to said appellee Johnston. It is alleged in the complaint that the appellee Susan Z. Johnston, wife of the appellee William A. Johnston, claims to have an interest in said insurance policy, and that appellant believes that said claim is wrongful and invalid. Appellant by her complaint admits the validity of the lien of appellee Macke on said policy, to secure the indebtedness of said Johntson to him, and only asks that what remains of said policy after the payment of said lien be applied in payment of her judgment.

A cross-complaint was filed by appellee Macke by which he sought to enforce his lien against said policy. The court tried said cause, and found against appellant, and, over a motion for a new trial, rendered judgment against her. The only error properly assigned calls in question the action of the court in overruling appellant's motion for a new trial. The causes assigned for a new trial are: (1) That the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law.

The policy provided that if the premiums are not paid on or before the day when due, the policy should become void, and all premiums previously paid should be forfeited to the company, and no action, or right of action, shall be maintained against the company by the assured, or any other person, and all right, claim, or interest, arising under any statute,

or otherwise, to or in any paid-up policy or surrender value, or to any temporary insurance, whether required or provided for under any statute, or not, is hereby expressly waived and relinquished.

There was evidence to the effect that a premium was due on said policy of $377.55 July 1, 1896, and the insured was unable to pay the same, and that Macke who held the policy as security refused to pay the same, and that appellee, William A. Johnston agreed with appellee Susan Z. Johnston in consideration that she would pay the premium, that if he could not sell the same within sixty days for enough to pay off the claim of appellee Macke, and the amount paid by her, the policy should be hers and he would transfer the same to her, subject to the lien of appellee Macke, in which event she was to pay on the indebtedness of said William A. Johnston the further sum of $363 out of said policy when collected; that on September 3, 1896, not having been able to sell said policy for the amount provided in said agreement, William A. Johnston assigned and transferred the same to her in writing, in all respects as required by the rules of the said company.

This evidence shows that the insurance policy was sold and assigned to appellee Susan Z. Johnston before the commencement of this action, and also before the rendition of the judgment which is the foundation of this proceeding. If the policy was owned by her when this action was commenced the finding against appellee was clearly right under the issues. It is not alleged in the complaint that any sale or assignment of said insurance policy was made to the appellee Susan Z. Johnston, nor are any facts alleged showing that such assignment was fraudulent and void for any reason as to appellant. *Harris* v. *Howe*, 2 Ind. App. 419. If such facts had been alleged, however, we could not have disturbed the finding upon the weight of the evidence.

It is contended by appellees that the contract of insurance was such that, even if it were the property of appellee Wil-

liam A. Johnston, it could not be reached in any way for the payment of appellant's judgment.   It is not necessary, however, to determine this question, for the reason that if it could be so applied it had been sold and assigned to another before this action was commenced.   Judgment affirmed.