Filed March 17, 1892.

---

No. 411.

## THE FIRST NATIONAL BANK OF KENDALLVILLE *v.* STANLEY ET AL.

ATTACHMENT.—*Lien of.—Following Proceeds of Property Attached.—Priority to Subsequent Execution.— Proceedings Supplementary.— Sale of Attached Property by Agreement of Parties.*—Where a writ of attachment was levied upon a number of hogs, and by agreement between the debtor and the attaching creditor, the hogs were sold by a third party, to whom the sheriff entrusted them for that purpose, and the money realized from the sale was paid to the clerk of the court, the lien of the writ was transferred from the hogs to the money, and the fund could not be subjected by proceedings supplementary to execution (the issuance of the execution being subsequent to the delivery of the writ of attachment to the sheriff) to the payment of another judgment against the debtor. The hogs were still *in custodia legis* when the sheriff permitted the third party to sell them. He was the mere servant or agent of the officer. Property may be sold by agreement of the parties to the record without pursuing all the steps named in the statute.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.— *Pleadings.— Motion to Strike Out.—Demurrer.*—Although in proceedings supplementary to execution no pleadings are required after the order requiring parties to appear, and answer has been made, a judgment will not be reversed because of the refusal of the court to sustain a motion to strike out answers and a cross-complaint filed by an attaching creditor who was made a party to the proceeding, or because of its refusal to sustain a demurrer to the same.

PRACTICE.—*Exclusion of Testimony.—How Question Saved.*—To save a question on the ruling of the trial court in excluding the testimony of a witness, a proper question should be asked, and, upon objection, the court should be informed of the answer expected, and, if the objection be then sustained, an exception should be reserved at the time of the rulings.

From the Noble Circuit Court.

*R. P. Barr, H. G. Zimmerman* and *H. C. Peterson,* for appellant.

*L. W. Walker,* for appellees.

NEW, J.—This is a proceeding supplementary to execution, under section 816 of the code, by the appellant against the appellees, to compel Milton D. Stanley and Merritt C. Skinner, the latter the clerk of the Noble Circuit Court, to apply the sum of $931.90, averred to be in the hands of Skinner, on a judgment held by the appellants against Stanley. The appellees Charles M. and William F. Clapp are made defendants, because they claim an interest in said money adverse to the appellant.

It is alleged in the appellant's verified application that on the 14th of January, 1890, the appellant recovered a judgment in the Noble Circuit Court against said Stanley for $1,100 and costs, and on that day caused an execution to be issued on said judgment to the sheriff of said county; that said execution is still in the hands of said sheriff unsatisfied; that Skinner has in his possession $931.90 of moneys belonging to Stanley, which he and Stanley refuse to apply on said judgment; that Stanley is entitled to property to the amount of $600, exempt from execution, and has made his claim therefor; that the moneys held by Skinner, together with the amount claimed as exempt by Stanley, exceed the amount to which the latter is entitled as exempt, and that the latter has not sufficient property in said county other than said $931.90 to satisfy said execution; that the appellees Clapp and Clapp claim some interest in said money adverse to the rights of the appellant. It is further alleged that Stanley and Skinner are both residents of Noble county, wherefore, etc.

Charles M. Clapp answered separately for himself, saying, in substance, that the appellee Skinner received said $931.90 from one J. M. Bonham, and held the same as clerk of the circuit court, as the proceeds of a lot of hogs attached by the

sheriff of said court on the property of the appellee Stanley, on the 8th of January, 1890, in an action in said court, wherein said Charles M. Clapp was plaintiff and said Stanley was defendant; that said money was received by Skinner as follows: After the hogs had been attached by the sheriff, and taken into his possession, it was agreed between him, Stanley, and Charles M. Clapp that the sheriff might, through said Bonham, ship and sell said hogs in the market and hold the proceeds for the benefit of said Clapp; that, thereupon, Bonham executed the following writing:

"I hereby agree to take possession of the hogs this day attached by George McLean, sheriff of Noble county, in the case of Charles M. Clapp *v.* Milton D. Stanley, and ship and sell the same, and pay the proceeds thereof, less expenses of shipping, to the plaintiff Clapp, if he is entitled thereto by the decree of the Noble Circuit Court, if said attachment proceedings be sustained.                    J. M. BONHAM.

"Jan. 8, '90."

That on the 24th of January, 1890, said attachment proceedings were determined in favor of said Clapp, and judgment rendered therein for him in the sum of $1,806.25; that in the same proceeding judgment was also given the appellee William F. Clapp for $339.54; and it was further ordered by the court that the attached property be sold and the proceeds applied on said claims *pro rata*; that the attached property, including said hogs, will not pay more than one-half of the judgment in favor of Charles M. Clapp; that the money so paid to said Skinner was paid by said Bonham as the agent of said sheriff.    Wherefore, etc.

Charles M. and William F. Clapp filed a joint answer containing four paragraphs, the first was a general denial, and the second did not differ materially from the separate answer of Charles M. Clapp.

The third and fourth paragraphs of said joint answer, omitting the caption and signature of the attorneys, are as follows:

"The defendants Charles M. Clapp and William F. Clapp, for a third and. further answer to the plaintiff's complaint, say, that on the 24th of January, 1890, in an action in the Noble Circuit Court of Indiana, wherein these defendants, Charles M. Clapp and William F. Clapp, were plaintiffs, and the defendant herein, Milton D. Stanley, was defendant, and which action the plaintiff herein assisted in defending, as a creditor of said Stanley, for the same cause of action alleged in the complaint herein, these defendants recovered judgment on the merits thereof for $1,806.25 and costs in favor of the defendant herein, Charles M. Clapp, and for $339.54 in favor of the defendant herein, William F. Clapp, and costs of suit; and that the proceeds of the property attached by the sheriff be applied *pro rata* upon the said judgments of these defendants. All of which the records in said cause show has been done by the sheriff, by paying the money now in controversy to the clerk of this court for these defendants; and said judgment is in full force and unappealed from. Wherefore," etc.

"For fourth and further answer herein the defendants Charles M. and William F. Clapp say that on the 24th of January, 1890, in an action in this court, wherein these defendants were plaintiffs and the defendant herein, Milton D. Stanley, was defendant, for the same cause of action alleged in the complaint herein, these defendants recovered judgment on the merits thereof for $1,806.25 in favor of Charles F. Clapp and $339.54 in favor of William F. Clapp, and for all costs; and said money in controversy to be applied *pro rata* upon said judgments, which judgment is in full force and unappealed from. Wherefore," etc.

Charles F. and William M. Clapp also filed a cross-complaint against their co-appellees Skinner and Stanley and the appellant, which contains the substance of the answers referred to, with the further allegations that the appellant and Stanley are, without right, claiming the said money, and are trying to prevent Skinner from paying the same to them,

and that Skinner refuses to apply said money to the judgments rendered in their favor in said attachment proceedings, although it was paid to him for that purpose.

The cross-complaint concludes by asking that said money be declared to belong to them, and that Skinner be directed to apply the same on their judgments.

The appellant moved to strike out the separate answer of Charles M. Clapp, the second, third and fourth paragraphs of the joint answer of Clapp and Clapp, and their cross-complaint, all of which motions were overruled.

Demurrers by the appellant to said answers and cross-complaint were overruled.

An answer of general denial was then filed by Skinner to the appellant's application·or complaint. The appellant replied by a general denial to all of the answers, and answered by general denial the cross-complaint. No pleading was filed by Stanley.

The evidence was then heard by the court, and a finding made in favor of the appellees Charles F. and William M. Clapp. Over a motion by the appellant for a new trial, there was judgment for the appellees, the court ordering said Skinner, as clerk of the court, to pay over to Clapp and Clapp, *pro rata*, said sum of $931.90, then in his hands, according to the judgments rendered in the attachment proceedings on the 24th of January, 1890.

The appellant has assigned as error the rulings of the court upon the motions and demurrers referred to, and the overruling of the motion for a new trial.

We do not think the cause should be reversed because of the failure of the court to sustain said motion. The pleadings to which they relate were unnecessary in a proceeding of this kind, under section 822 of the code, but a failure to sustain said motions did not prejudice the rights of the appellant upon the trial. The same may be said as to the demurrer filed by the appellant and overruled, of which we have spoken. Section 658, R. S. 1881. *Garrigan* v. *Dickey*,

1 Ind. App. 421; *Woods* v. *Board, etc.,* 128 Ind. 289; *Burket* v. *Holman,* 104 Ind. 6; *American, etc., Co.* v. *Clark,* 123 Ind. 230; *Harris* v. *Howe,* 2 Ind. App. 419. The court did not err in overruling the motion for a new trial.

The finding of the trial court is sustained by the evidence.

Charles M. Clapp on the 31st of December, 1889, brought his action against Stanley, and, as incident to the same, caused a writ of attachment to be issued, upon which were seized by the sheriff, on the 8th of January, 1890, 136 hogs belonging to Stanley, from the sale of which was realized the $931.90 in dispute, which William F. Clapp filed under on the 23d of January, 1890. He thus became a party to the original action, and his lien related back to the time when the writ was placed in the hands of the sheriff. *Ryan* v. *Burkam,* 42 Ind. 507; *Fee* v. *Moore,* 74 Ind. 319; 2 Works Practice, section 1334. On the 24th of January, 1890, judgments were rendered in favor of the Clapps, aggregating $2,145.79, the attachment proceedings sustained, and the attached property, the hogs included, ordered to be sold. An order of sale was duly issued to the sheriff on the 10th of the following month. The appellant's action, in which it obtained judgment against Stanley, was begun January 13, 1890, judgment therein obtained the following day, and execution was issued on the same day; all of which was after the commencement of Charles M. Clapp's action, and after the writ of attachment was issued and served. The appellant did not file under, although he might have done so.

It is shown by the evidence that at the time of the seizure of the hogs under the writ of attachment, it was agreed between William F. Clapp and Stanley, the owner, that the sheriff might place the hogs in the care of Bonham, to be by him sold in the market, the proceeds to be accounted for and applied in the attachment proceedings. The $931.90 in controversy was thus obtained, and was by the order of the court paid to the clerk of the court. This order was made

after the judgment was entered in the attachment proceedings, but at the same term of court. There can be no doubt of the power of the court to make this order, but independent of it, the money should have been paid into court. The payment of the money into court was no more than was embraced and provided for in the original decree, to wit, that the proceeds derived from the sale of the attached property should be applied, less costs, upon the claims of the attaching creditors, *pro rata*.

It is insisted by counsel for the appellant that the hogs ceased to be *in custodia legis* when the sheriff permitted Bonham to sell them.

An officer in the possession of goods may continue his possession by placing them with some third person, acting as his agent. The officer, by his possession under the writ, acquires a special property in the thing, which continues until it is disposed of finally by the judgment or order of the court. But the position of a receiptor or bailee is very different. By reason of his accountability to the officer, under whom he holds, he can have no possessory right in the property, or its proceeds, as against the officer. He is the mere servant or agent of the officer. The special property of the officer in the goods continues after the bailment. And so long as the officer is responsible for the property to the plaintiff or to the owner, he may retake it from the bailee, or from the defendant if the bailee shall have suffered it to go back into his possession. 1 Wade Attach., sections 175, 177, 178; Drake Attach., sections 291, 349, 350, 351, 352, 353, 354.

The writ of attachment became a lien upon, and bound Stanley's property in the county, subject to execution, from the time of its delivery to the sheriff. The levy under the writ placed the property in the custody of the court and prevented its seizure under other writs. 1 Am. & Eng. Encyc. of Law, 916; 7 Am. & Eng. Encyc. of Law, 129, 151, 152; 1 Wade Attach., section 178.

The sheriff had in his hands the writ of attachment continuously from the time it was issued until and after the money obtained from the sale of the hogs was paid to the clerk. During that time the writ of attachment was a lien upon the money; the lien had been transferred from the hogs to the money. Such is the rule where perishable property is sold by an officer, and we can see no reason why the rule may not be the same when, as in the present case, property is sold by the officer or his agent, with the consent of the owner and the attaching creditor. This money was all the time in the custody of the law, and could not be taken therefrom by the appellant's execution. The hogs were levied on, ordered to be sold, and sold to satisfy the claims of the attaching creditors. To that purpose the law required the money to be applied, and whenever it went into the hands of the clerk, it became his duty, under the judgment of the court, to appropriate it, less costs, to the judgment of the Clapps, *pro rata*.

That property may be sold by agreement of the parties to the record without pursuing all the steps named in the statute, see *Chadbourn* v. *Sumner*, 16 N. H. 129; *Eastman* v. *Eveleth*, 4 Metcalf, 137; *Jones* v. *Moody*, 59 Miss. 327. We can see no reason why an attachment debtor may not waive anything which is not unjust to other creditors.

The appellant's execution not having been issued until after the writ of attachment was delivered to the sheriff, it can have no priority, and the appellant having neglected to file under and share in the distribution, should not now complain. *Fee* v. *Moore, supra*.

Points made by the appellant upon the ruling of the court in refusing to hear certain testimony are disposed of by the rule that where questions are not asked a witness, there is no error in excluding the offered testimony.

The rule is of long standing that, to raise a question on the ruling of the trial in excluding the testimony of a witness, a proper question should be asked, and, upon objection,

the court should be informed of the answer expected, and if the objection is then sustained, an exception should be reserved at the time of the ruling. *Higham* v. *Vanosdal*, 101 Ind. 160; *Kern* v. *Bridewell*, 119 Ind. 226; *Tobin* v. *Young*, 124 Ind. 507.

Judgment is affirmed, with costs.

Filed March 16, 1892.