## BRODERICK, BY NEXT FRIEND, v. PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 7,109. Filed March 8, 1911.]

1. APPEAL.— *Briefs.*— *Waiver.*— Unless errors are specifically pointed out in appellant's brief, they may be considered waived. p. 226.

2. RAILROADS.—*Crossing Accidents.*—*Complaint.*—*Precise Point of Crossing.*—*Instructions.*—An instruction, in an action for personal injuries received at a certain railroad crossing, that the plaintiff must fail unless he establishes the allegation that he was injured at such crossing, is not erroneous. p. 226.

3. TRIAL.—*Instructions.*—*Omissions.*—*Supply by Others.*—Where facts omitted from one instruction are fully supplied by other instructions, such omissions are harmless. p. 226.

4. APPEAL.—*Briefs.*—*Waiver.*—Alleged errors in the giving of an instruction are waived, where the appellant fails to set out the instruction in his brief. p. 227.

5. NEW TRIAL.—*Surprise.*—*Evidence Admissible Within Issues.*— A new trial should not be granted on the ground of surprise occasioned by the introduction of evidence admissible within the issues. p. 227.

6. NEW TRIAL.—*Newly-Discovered Evidence.—Affidavit Therefor.—Essentials.—Diligence.*—An affidavit for a new trial on the ground of newly-discovered evidence must set forth the facts showing the diligence used to discover such evidence. p. 227.

7. NEW TRIAL.—*Newly-Discovered Evidence.—Diligence.*—A new trial will not be granted on the ground of newly-discovered evidence, where if proper diligence had been used the evidence would have been discovered. p. 227.

8. NEW TRIAL.—*Newly-Discovered Evidence.—Cumulative.*—Where the alleged newly-discovered evidence is merely cumulative, a new trial will not be granted. p. 228.

9. TRIAL.—*Exclusion of Evidence.—Saving Question.—Appeal.*—Where a question is propounded to a witness and objection is made, the party propounding the question should state what he expects to prove in answer to the question, and failing therein, no question thereon can be presented on appeal. p. 228.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by John Broderick, by his next friend, against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*George W. Galvin,* for appellant.

*Samuel O. Pickens,* for appellee.

IBACH, J.—Appellant, by his next friend, seeks to recover damages for personal injuries alleged to have been received by him, through appellee's negligence, while he was crossing its railroad tracks at a point where said tracks cross Ray street, in the city of Indianapolis, and while appellee ran one of its locomotive engines in violation of city ordinances regulating the speed of trains and the giving of signals.

The cause was tried by a jury upon the general issue, and a verdict returned in favor of appellee. Appellant's motion for a new trial was overruled, and this ruling is assigned as error.

A number of grounds are set out in the motion for a new trial, which, so far as they are not waived, will be considered. The alleged errors, in the main, relate to the giving

and the refusing to give certain instructions. Nowhere in appellant's brief do we find a statement of the grounds relied upon for reversal. Unless some specific objection is made, showing in what respect an instruction complained of is erroneous, or why an instruction requested should have been given, this court may deem the objection waived, and pass it without consideration or discussion.

Under the fourth specification for a new trial, it is claimed that the court erred in giving, at the request of appellee, instructions one, two and three. It is urged by counsel for appellant that said instructions invaded the province of the jury, took from the jury the questions presented by the issues, and are, in effect, a direction to find for defendant regardless of the facts. In this contention, however, counsel for appellant is not supported by the record. Instruction one was, in effect, that if appellee was not injured on the Ray street crossing he was not entitled to recover. The complaint alleges that appellant was injured while crossing the tracks of appellee, where they intersect said Ray street, and this was directly denied by appellee. This was one of the material issues in the case, and the burden rested upon appellant to prove this fact substantially as alleged. The instruction, when considered with the others given, was not open to the objection which is urged by counsel.

It is also contended that said instructions two and three are erroneous, in that they eliminate the question of age, and the right to rely upon the company's observing the requirements of the city ordinances, referred to in the complaint, in the operation of its trains. By other instructions given by the court of its own motion the jury was fully instructed upon the omissions complained of.

The sixth ground for a new trial is based upon the refusal to give instruction two, requested by appellant, and its mod-

ification and the giving thereof as modified by the 4. court. Said instruction in its original form, or the substance thereof, is not set out in appellant's brief, nor is there any reference to the record where it may be found. Under the rules, this error would be considered waived. We have, however, considered the instruction as given, and conclude that it was a correct statement of the law.

The eighth cause for which appellant asks a new trial was that he was surprised by the testimony of H. Johnson, claim agent of appellee. We have read the affidavits filed 5. in support of this contention, and it appears therefrom that the witness was one introduced by and on behalf of appellee, and the evidence was competent, under the issues joined. Appellant was therefore not entitled to a new trial on the ground of surprise. *Pepin* v. *Lautman* (1901), 28 Ind. App. 74; *Bingham* v. *Walk* (1891), 128 Ind. 164; *Gardiner* v. *State, ex rel.* (1884), 94 Ind. 489; *Helm* v. *First Nat. Bank* (1883), 91 Ind. 44.

By the ninth specification it is urged that a new trial should have been granted on account of newly-discovered evidence material to the issue. As shown by an affi- 6. davit in support of the specification, this newly-discovered evidence would have gone to support the issues as to whether appellant was injured while on the Ray street crossing. The court did not err in refusing a new trial, (1) because the application does not set forth fully the diligence used to discover the evidence before the trial, and (2) because the evidence was cumulative. If by the use of diligence the evidence might have been pro- 7. duced at the trial, a new trial will not be granted on account of newly-discovered evidence. *Campbell* v. *Nixon* (1900), 25 Ind. App. 90; *Allen* v. *Bond* (1887), 112 Ind. 523; *Test* v. *Larsh* (1885), 100 Ind. 562; *Zimmerman* v. *Weigel* (1902), 158 Ind. 370.

Again, if the evidence was merely cumulative, a new trial

should not be granted. *Franklin* v. *Lee* (1902), 30 Ind. App. 31; *Rinkard* v. *State* (1901), 157 Ind. 534; *Marshall* v. *Mathers* (1885), 103 Ind. 458.

By the tenth specification for a new trial it is urged that the court erred in excluding from the evidence a portion of the testimony of one Rafferty, a witness called by appellant. There is no reference to the page of the record where such evidence can be found. We have, however, referred to the record, and find that no question was reserved for review by this court. In the case of *Gunder* v. *Tibbits* (1899), 153 Ind. 591, 608, the Supreme Court said: ''It has been repeatedly decided that the only proper practice is to propound the question to the witness on the stand, and, if objection to the question is made, to state to the court what the examiner proposes to prove by the witness's answer to the question, and then, if the objection is sustained, to reserve an exception to the ruling on the question.'' This appellant failed to do, and by reason of his failure he has reserved no question to be reviewed by this court. *Gunder* v. *Tibbits, supra; First Nat. Bank* v. *Stanley* (1892), 4 Ind. App. 213; *Illinois Cent. R. Co.* v. *Cheek* (1889), 152 Ind. 663.

Having considered all of the errors assigned and argued by appellant, we find no·error in the record. Judgment affirmed.