## BEARD *v.* INDIANAPOLIS FANCY GROCERY COMPANY.

[No. 22,520. Filed December 9, 1913.]

1. CONSTITUTIONAL LAW.—*Bulk Sales Law.*—The bulk sales law (Acts 1909 p. 122) is not violative of the 14th amendment of the Federal Constitution. p. 537.

2. CONSTITUTIONAL LAW.—*Privileges and Immunities.*—*Bulk Sales Law.*—The bulk sales law (Acts 1909 p. 122) evinces no legislative intent to affect any debtor exemption law, and is not violative of §22, Art. 1, of the Constitution. p. 537.

3. CONSTITUTIONAL LAW.—*Privileges and Immunities.*—*Exemption of Debtors.*—The provision of §22, Art. 1, of the Constitution, that the privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws exempting a reasonable amount of property, etc., is not self-executing, but requires legislative enactment to make it effective. p. 537.

From Morgan Circuit Court; *Will H. Pigg,* Special Judge.

Action by the Indianapolis Fancy Grocery Company against Effie J. Beard and another. From a judgment against her only, the defendant, Effie J. Beard, appeals.

(Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)    *Affirmed.*

*Albert Asche* and *McNutt & Bain,* for appellant.
*John E. Sedwick,* for appellee.

MORRIS, C. J.—Appellee sued appellant and her husband. There was a judgment against appellant only. The third paragraph of complaint sought to charge appellant with liability as a purchaser of a stock of goods in violation of the act of 1909 relating to bulk sales of merchandise. Acts 1909 p. 122.

It is contended that the court erred in overruling
1. appellant's demurrer to the third paragraph because said statute violates the 14th amendment to the Federal Constitution. It is not open to such objection. *Hirth-Krause Co.* v. *Cohen* (1912), 177 Ind. 1, 97 N. E. 1; *Rich* v. *C. Callahan Co.* (1913), 179 Ind. 509, 101 N. E. 810.

It is also claimed that the statute violates the following provisions of §22 of Art. 1, of our Constitution: "The privilege of the debtor to enjoy the necessary com-
2. forts of life shall be recognized by wholesome laws exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability." In *Rich* v. *C. Callahan Co., supra,* it was held that the act in question evinces no legislative intent to affect any debtor exemption law. Were it otherwise appellant's conten-
3. tion could not prevail, because the above provision of our Constitution is not self-executing, but requires legislative enactment to make it effective. *Green* v. *Aker* (1858), 11 Ind. 223; *Moss* v. *Jenkins* (1897), 146 Ind. 589, 45 N. E. 789.

The finding of the court is sufficiently supported by the evidence, and the record discloses no error. Judgment affirmed.

NOTE.—Reported in 103 N. E. 404. See, also, under (1) 8 Cyc. Anno. 1069, 1111; (2) 8 Cyc. Anno. 1056; (3) 8 Cyc. 752. On the question of the constitutionality of bulk sales legislation, generally,

see 2 L. R. A. (N. S.) 331; 20 L. R. A. (N. S.) 160. For statu-
tory requirements on sale of stock of goods in bulk, see 2 L. R.
A. (N. S.) 331. As to the constitutionalty of statutes prohibiting
sales of merchandise in bulk, see 1 Ann. Cas. 557; 14 Ann. Cas.
437; Ann. Cas. 1912 C 706.