JOSEPH CLARK MCCARTHY, MASTER PHYSICIANS, INC. *v.*
ADELE MARIANNE MCCARTHY.

[No. 1-1272A109. Filed June 18, 1973.]

SHARP, J.—The Defendant-Appellant, Joseph Clark Mc-Carthy and the Plaintiff-Appellee, Adele Marianne McCarthy, were divorced in 1969 in the State of Connecticut and said divorce decree included, among other things, a money judgment for alimony. In 1970 Appellee filed an action against the Appellant in the Vanderburgh Superior Court to secure satisfaction of said alimony judgment. The Vanderburgh Superior Court entered a judgment in the sum of $4950.00 which was subsequently affirmed by the Appellate Court of Indiana. See *McCarthy* v. *McCarthy* (1971), 150 Ind. App. 640, 276 N.E.2d 891. This present proceeding was commenced on March 9, 1971 as a proceeding supplemental in the same cause number in the Vanderburgh Superior Court. This proceeding supplemental was held in abeyance pending the above described appeal to the Appellate Court of Indiana and until the opinion of the Appellate Court of Indiana was certified to the Vanderburgh Superior Court on January 25, 1972. A change of venue from Vanderburgh County was granted. The counties adjoining Vanderburgh County were appropriately named and stricken, leaving Posey County and the venue of the case was

ultimately transferred to the Posey Circuit Court. During this proceeding supplemental, the Appellant, Joseph Clark McCarthy, requested a trial by jury. At no time in this proceeding supplement did Appellant, Master Physicians, Inc., make a request for a trial by jury. On April 10, 1972 the Appellee filed in the Posey Circuit Court a motion requesting issues of an order to appear together with a certified copy of the clerk's docket sheets from the records of the Clerk of the Vanderburgh Superior Court and a third amended motion for proceedings supplemental to execution. The Appellant, Master Physicians, Inc., was made a garnishee defendant in said third amended motion for proceedings supplemental to execution under the assertion that it was the employer of Joseph Clark McCarthy. On April 10, 1972 orders were issued for the appearance of both Appellants and on May 5, 1972 both Appellants filed a motion to dismiss the proceedings and to dismiss the third amended motion for proceedings supplemental to execution based on lack of jurisdiction over the subject matter, lack of jurisdiction over the person, insufficiency of process and failure to state a claim. On May 5, 1972 the Posey Circuit Court overruled the motion to dismiss but vacated the hearing on the proceedings supplemental and on May 16, 1972 the Appellee filed a certified copy of the order of the Vanderburgh Superior Court granting the change of venue and also granted leave to the Appellee to refile her third amended motion for proceedings supplemental to execution. Thereupon, both Appellants were ordered to appear in the proceedings supplemental on June 2, 1972. On June 2, 1972 the Posey Circuit Court made an entry showing the transcript on the change of venue filed nunc pro tunc as of March 31, 1972. On June 6, 1972, upon motion by Appellee, the proceedings supplemental were reassigned for hearing on June 28, 1972 and Appellants ordered to appear. On June 28, 1972 the Posey Circuit Court overruled the motion to dismiss filed June 2, 1972, whereupon the Appellant filed another motion to dismiss on identical grounds. The Posey

Circuit Court also entered an order showing the filing of the Appellee's third amended motion for proceedings supplemental nunc pro tunc as of May 16, 1972 and overruled the motion to dismiss filed on June 28, 1972. Appellants then filed an answer setting forth four defenses. The hearing on Appellee's third amended motion for proceedings supplemental was commenced, continued and ultimately concluded on September 19, 1972, at which time the Posey Circuit Court entered judgment against both Appellants for $4950.00 and provided for payment of same out of Appellant McCarthy's wages.

The Appellants duly filed a motion to correct errors which was overruled by the trial court and have properly perfected their appeal to this court. We will consider the four issues raised.

I.

The Appellant McCarthy asserts a right to a jury trial in this proceeding. Since Master Physicians, Inc., at no time in this proceeding requested a trial by jury we are not here required to decide what, if any, rights an employer-garnishee defendant may have with reference to trial by jury in a proceeding supplemental.

Trial Rule 69 defines the procedure applicable in such proceedings supplemental and consistently refers to the same as a "hearing". Recent decisions have also considered such proceedings a "hearing". See *Allstate Ins. Co.* v. *Morrison, et al.* (1970), 146 Ind. App. 497, 256 N.E.2d 918, and *Tipton* v. *Flack* (1971), 149 Ind. App. 129, 271 N.E.2d 185. This recent designation of the proceedings supplemental as a "hearing" is consistent with the earlier statutory provisions found in Acts 1881 (Spec. Sess.), ch. 38, § 592, which states:

> ". . . to an order . . . requiring the judgment debtor to appear forthwith before the court, if in session, or . . . then before the judge . . . to answer concerning his property or income or profits within the county of which execution was issued." IC 1971 34-1-44-1, Ind. Ann. Stat. § 2-4401 (Burns 1968).

Under some limited circumstances, not present in this record, a garnishee defendant may have a right to a trial by jury under the rules announced by our Supreme Court in *McMahan* v. *Works, et al.* (1880), 72 Ind. 19.

In *McMahan* the judgment plaintiff was entitled to a trial by jury upon the fact issue of whether the third party garnishee defendant was a good faith purchaser of a note made by another third party to the judgment debtor. Our Supreme Court did not hold that a judgment defendant was entitled to a jury determination of his interrogation concerning the location and existence of his property to satisfy the judgment. *McMahan* held only that the issues of fact formed by the pleadings of the garnishee defendant were amenable to a trial by jury. In this case the Appellee-Plaintiff filed a sworn motion for proceedings supplemental to execution alleging that the judgment had been entered against the Appellant, Joseph Clark McCarthy, that said judgment was unpaid, that it had not been satisfied by execution and that said Joseph Clark McCarthy should be ordered to appear to answer concerning his property subject to execution on proceedings supplemental. Appellant, Joseph Clark McCarthy, filed an unsworn answer in general denial to this motion. The Appellant McCarthy was ordered to appear for interrogation concerning his property. It is difficult to visualize what kind of a verdict a jury could return in such proceedings since the hearing focuses on location and existence of Appellant's, Joseph Clark McCarthy, property and his earnings from his profession. The *McMahan* case certainly does not hold that the judgment debtor was entitled to a jury determination at the hearing on proceedings supplemental to execution and *McMahan* should not be enlarged to so hold. Rather, *McMahan* should be strictly limited to its own facts.

The historic origins of the concepts involved in proceedings supplemental are in equity. These proceedings originated in equity as remedies to the creditor for discovering assets, reaching equitable and other interest not subject to levy and sale at law and to set aside

fraudulent conveyances. See 4 Pomeroy's Equity Jurisprudence, § 1415, page 1066 (5th ed. 1941). The procedure set forth in Rule 69 and in § 2-4401 are direct descendants of these equitable remedies. Since this procedure has its foundations in equity and its purpose is to afford remedies which are equitable in nature, it logically follows that the hearing is conducted before the court rather than a jury.

*Hiatt* v. *Yergin* (1972), 152 Ind. App. 497, 284 N.E.2d 834, contains an excellent exhaustive analysis of the kinds of equitable issues that are to be determined by the court alone. Given the equitable origins of proceedings supplemental and the context of this case, it should be determined by the court alone. Thus, the trial court committed no error in denying the request of the Appellant, Joseph Clark McCarthy, for a jury trial.

## II.

It is asserted that the Appellant, Joseph Clark McCarthy, is not a resident of Vanderburgh County, Indiana, but is a resident of Warrick County, Indiana. On the basis of this fact it is further asserted that the venue of this proceedings supplemental was not proper within the meaning of that part of Trial Rule 75(A) which requires:

> "(A) Venue. Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B) (3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case. Preferred venue lies in
>
> (1) the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides; * * *"

The comment in 4 Indiana Practice, Harvey and Townsend, page 469, on Rule 69(E) is revealing and relevant:

### "Proceedings Supplemental to Execution

Rule 69(E) contains a substantial revision of the procedures applicable to proceedings supplemental to execution. Its basic tenet is that proceedings supplemental to execution is a continuation of the original cause, is not a new action, and should be allowed to proceed without the technical showing that execution has been commenced or would be unavailing. The Rule recognizes that it is the duty of a judgment debtor to pay his judgment or come forward with his property so that execution may proceed. If he fails to do so, ordinary legal remedies (in most cases, execution) are inadequate, and so the extraordinary relief available by proceedings supplemental to execution will be allowed.

The rule does not change or affect the kind of property subject to supplemental proceedings (relief being allowed under prior and existing law as to all of the debtor's property subject to creditor process), and the rule accepts prior law as to the kinds of orders allowed in applying the judgment debtor's property towards satisfaction of the judgment. Following, is a brief description of what it appears that the new rule will allow in proceedings supplemental to execution.

### Proceedings Commenced by Motion as Part of Original Cause

Under Rule 69(E) proceedings supplemental to execution are initiated by motion under the same cause number in the same court which entered judgment against the defendant. This means that no additional filing fees will be required. Since the proceedings are a continuation of the original cause, the court will take judicial notice of the record parties, judgment, etc. Compare *Mitchell* v. *Godsey,* (1944), 222 Ind. 527, 53 N.E.2d 150."

On the basis of the above and foregoing authority it is clear that the Appellee in this case was *permitted* to file this case as a continuation of the original cause in the Vanderburgh Superior Court. We do not here hold that such is mandatory and that filing a separate action in a separate court under a separate cause number is prohibited.

On this issue the Appellant is wrong for at least two reasons. He makes no contention that the original proceeding on the Connecticut judgment in the Vanderburgh Superior Court had improper venue. Given the continuous nature of said cause it is not *required* that the proceedings supplemental be filed in a different court in order to comply with Trial Rule 75(A). Additionally, the remedy for non-compliance with Rule 75(A) is not dismissal of the cause but transfer of the proceedings. It is also interesting, although perhaps irrelevant, that while striking counties pursuant to Appellee's request for change of venue the Appellant struck Warrick County thus preventing it from going to the very county that he now contends caused prejudice to this cause of action.

### III.

We need not restate the record in regard to perfecting the change of venue but simply conclude that the record considered as a whole constitutes substantial compliance with the provisions of Trial Rule 78. Unfortunately on occasion court personnel charged with the responsibility of mechanically executing judicial orders fail to do so with scientific precision. Since the law does not assume that human beings are infallible it tends to overlook, as it should, technical inadequacies which do not harm the substantial rights of litigants. We find no such prejudicial error here.

### IV.

As indicated by the above recitation of the record an order was issued on May 16, 1972 directing the Appellant to appear on June 2, 1972, a period of 17 days, whereas a period of 20 days is contemplated in Trial Rule 69(E)(4). However, the record also shows that the original third amended motion for proceedings supplemental filed by the Appellee was served on the Appellant's counsel by mail on April 7, 1972 and Appellant's counsel had already appeared in the Posey Circuit Court

twice on this matter before June 2, 1972. Even assuming, for the purpose of argument, that 17 days notice from May 16, to June 2, 1972 was insufficient within Rule 69 (E) (4) this certainly does not lead to the conclusion that the proceedings in the Posey Circuit Court should have been dismissed. The remedy was a continuance and that is precisely what the Appellant received. The record clearly establishes that the hearing was not held on June 2, 1972. A new order was issued to appear on June 6, 1972 for June 28, 1972. On June 28, 1972 the Appellants appeared and did not complain of any shortness of notice time. The trial court did precisely as it should have in this regard and there is no merit whatsoever to the Appellant's contention on this issue.

The Appellant had thus failed to demonstrate any reversible error and the decision of the trial court should be and hereby is affirmed.

Judgment affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 297 N.E.2d 441.