## Patrick STUARD, Appellant–Garnishee Defendant,

v.

## JACKSON & WICKLIFF AUCTIONEERS, INC., Appellee–Plaintiff,

Roy Stuard, Defendant Below.

No. 29A02–9603–CV–145.

Court of Appeals of Indiana.

Oct. 2, 1996.

Gordon D. Byers, Noblesville, for Appellant–Garnishee Defendant.

John R. Price, John R. Price & Associates, Indianapolis, G. Michael Loveall, Loveall & Woods Franklin, for Appellee–Plaintiff.

---

## OPINION

ROBERTSON, Judge.

Patrick Stuard brings this interlocutory appeal of the denial of his motion to dismiss allegations against him in proceedings supplemental. He claims that the county of preferred venue is Marion County, Indiana, not Hamilton County, Indiana. He contends that the trial court should have granted his motion and his request to transfer his case to Marion County. We affirm.

Jackson & Wickliff Auctioneers, Inc., filed a complaint for money damages against Stuard's father in Hamilton County, Indiana. The elder Stuard had successfully bid on over $12,000 worth of merchandise at an auction in Hamilton County but had not paid for it. The case resulted in a money judgment. Stuard was not a party to the case.

After the entry of judgment, Stuard's father transferred certain real and personal property to Stuard. In proceedings supplemental to execution, the Auctioneers filed a petition to set aside the transfers under Ind. Code 32–2–7, as Stuard and his father had entered into those transactions in order to defraud a judgment creditor, namely, the Auctioneers. In response, Stuard filed a motion to dismiss the proceedings because Hamilton County was not the county of preferred venue. Inasmuch as the property which was the subject of the transfer was in Marion County and Stuard resided in Marion County, Stuard claimed that Marion County had preferred venue in the proceedings. The trial court denied the motion, and Stuard appeals.

Stuard purports to bring this interlocutory appeal under Ind.Appellate Rule 4(B)(5), for transferring or refusing to transfer a case pursuant to Trial Rule 75. The Auctioneers note that such a procedure may be questionable but then purposefully do not proceed, in substance, to question it. Because Stuard has made an argument which, on its face, addresses an issue related to venue, we will address the issue on its merits.

■ Stuard contends that, after the Auctioneers had failed to satisfy the judgment against his father, the Auctioneers pursued new and separate remedies, under Indiana's version of the Uniform Fraudulent Transfer Act, against him. Stuard claims that, with its new remedies, the Auctioneers injected, in effect, a new cause of action into the case. Stuard also notes that he was not a party to the case against his father. In light of the new action against a new defendant, Stuard claims that the preferred venue rules required the transfer of the case to Marion county. The Auctioneers claim, in effect, that the proceedings were merely supplemental to the case against Stuard's father and that they properly remained with the court which heard the original action.

■ We first note that the trial court has broad discretion in conducting proceedings supplemental. *Kirk v. Monroe County Tire,* 585 N.E.2d 1366 (Ind.Ct.App.1992). Proceedings supplemental, pursuant to Ind.Trial Rule 69, are a means used to remedy a failure by a defendant to pay a money judgment. *Linton v. Linton,* 166 Ind.App. 409, 339 N.E.2d 96 (1975).

Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:

*   *   *   *   *   *

(4) if any person is named as garnishee, that garnishee has or will have specified or unspecified non-exempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer interrogatories submitted with the motion ...

T.R. 69(E)(4). This Court has stated that proceedings supplemental are a continuation of the original cause of action, not a new and independent civil action. *Kirk,* 585 N.E.2d at 1368. This Court has also decided, however, that an insured could not use proceedings supplemental against her own insurer who "was not a party to the underlying lawsuit" against an uninsured motorist. *National Mutual Insurance Company v. Sparks,* 647 N.E.2d 375 (Ind.Ct.App.1995), *trans. denied.*

Although the Auctioneers might have pursued a separate lawsuit to set aside the

alleged fraudulent conveyance to Stuard, proceedings supplemental are not an inappropriate vehicle to obtain the same result. *See McCarthy v. McCarthy,* 156 Ind.App. 416, 297 N.E.2d 441 (1973) (appellee was permitted to file proceedings supplemental as a continuation of the original cause but the filing of a separate action in a separate court under a separate cause number is not prohibited); *Jackson v. Russell,* 533 N.E.2d 153 (Ind.Ct.App.1989), *trans. denied,* (fraudulent conveyances addressed in proceedings supplemental).

The Auctioneers did not name Stuard as a party in its complaint but included him as a garnishee defendant during the proceedings supplemental. Such a situation is not uncommon. For example, in *Jackson,* 533 N.E.2d 153, Marguerite L. Jackson, the wife of the judgment debtor, was not a party to the original lawsuit but was nonetheless named as a garnishee defendant in proceedings supplemental. *See id.* at 153–154; *Jackson v. Russell,* 498 N.E.2d 22 (Ind.Ct.App. 1986), *trans. denied.*

Moreover, although we stated in *National Mutual Insurance Company* that the insurer "was not a party to the underlying lawsuit," our opinion relied upon the statement that Indiana law allows collection only against the named judgment debtor and those the debtor could have pursued itself. *National Mutual Insurance Company,* 647 N.E.2d at 377. In the present case, we need not determine whether Stuard's father, the judgment debtor, could have pursued Stuard to regain his property or its equivalent. Here, the Auctioneers directed the proceedings supplemental against transactions of the judgment debtor himself. Trial Rule 69(E)(4) requires an allegation "that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor ..." The Rule specifically permits the judgment creditor to proceed against the garnishee defendant where he has property of the judgment debtor. The Auctioneers followed such a course of action here against the property of Stuard's father.

■ The historic origins of the concepts involved in proceedings supplemental are in equity. *McCarthy,* 156 Ind.App. 416, 297 N.E.2d 441. These proceedings originated in equity as remedies to the creditor for discovering assets, reaching equitable and other interest not subject to levy and sale at law and to set aside fraudulent conveyances. *Id.* The procedure set forth in T.R. 69 and in the statutes are direct descendants of these equitable remedies. *Id.* In Indiana, equity may be invoked to prevent one party from injuring another, through fraud and deceit, by declaring that as done which in good conscience ought to be done. *Scott v. Scott,* 51 Ind.App. 194, 99 N.E. 435 (1912). We also note that Indiana's version of the Uniform Fraudulent Transfer Act states that a creditor may obtain, "[s]ubject to applicable principles of equity and in accordance with applicable rules of civil procedure ... (C) [a]ny other relief the circumstances require." I.C. 32–2–7–17.

Public policy demands that wide latitude be given and broad discretionary power be exercised by the trial court, to the end that properly rendered judgments are satisfied. *Jackson v. Johnson,* 140 Ind.App. 70, 222 N.E.2d 409 (1966). We noted above that proceedings supplemental are not an inappropriate vehicle to employ to set aside alleged fraudulent transfers. Also, it is not uncommon to name a garnishee defendant for the first time during proceedings supplemental. Further, our rules specifically permit the judgment creditor to proceed against the garnishee defendant where he has property of the judgment debtor, regardless of whether the judgment debtor himself could have pursued the garnishee defendant or whether the garnishee defendant was a party to the underlying lawsuit. Under the facts presented, the trial court abused no discretion when it acted on equitable principles to prevent the possibility of fraud and deceit through the proceedings supplemental.

As noted, proceedings supplemental are a continuation of the original cause of action, not a new and independent civil action. *Kirk,* 585 N.E.2d at 1368. Further, the language of T.R. 69(E)(4) specifically allows for the use of proceedings supplemental "in the court where the judgment is rendered" against a person named as garnishee who is not the judgment debtor. As a continuation

of the original action, the proceedings supplemental in the present case were not a new and independent civil action. The proceedings supplemental properly remained with the trial court in Hamilton County, that is, in the court which rendered the judgment. The trial court committed no error when it denied Stuard's motion to dismiss and his request for change of venue to Marion County.

Stuard also claims he is not a person who could be named as a garnishee defendant because he denied that he had any property of the judgment debtor. He contends that, before he could have been named a garnishee defendant, the trial court would have had to determine that there had been a violation of the Fraudulent Transfer Act. He maintains that the trial court improperly required him to appear before it had addressed a violation of the Act. Trial Rule 69(E)(4) requires, however, an allegation to generally allege that the garnishee "has or will have specified or unspecified non-exempt property of ... the judgment debtor" and that "the garnishee be ordered to appear and answer the same ..." In light of the language of the Rule, we find no fault with the decisions of the trial court.

Judgment affirmed.

NAJAM and GARRARD, JJ., concur.