**Quincy and Shannon BRANHAM, Appellants,**

v.

**Rodney and Carol VARBLE, Appellees.**

No. 62A04–1004–SC–256.

Court of Appeals of Indiana.

Oct. 28, 2010.

Stephen E. Culley, Katherine J. Rybak, Indiana Legal Services, Inc., Evansville, IN, Attorneys for Appellants.

## OPINION

FRIEDLANDER, Judge.

Quincy and Shannon Branham appeal from an order of the Perry Circuit Court, Small Claims Division, in the enforcement of a civil money judgment. The Branhams present two issues for review:

1. Did the trial court abuse its discretion and act contrary to law when it ordered the Branhams to pay $50 per month toward a small claims judgment?

2. Did the trial court abuse its discretion and act contrary to law when it ordered the Branhams to make repeated court appearances and for Quincy to seek five jobs per week?

We affirm in part and reverse in part.

On July 3, 2008, the trial court entered a judgment in favor of Rodney and Carol Varble and against the Branhams in the amount of $2750.50, plus $96.00 in court costs. According to the entry in the chronological case (the CCS) summary for that date, Quincy agreed to pay $100.00 per week toward the judgment and Shannon agreed to pay $300.00 per month (payable on the 3rd of every month). In November, the Varbles notified the court that the Branhams had stopped making payments toward the judgment. At a contempt hearing held on February 5, 2009, the Branhams were ordered to pay $250 a month until the judgment was satisfied. On April 9, 2009, the parties again appeared before the court and the Branhams agreed to pay $50.00 per week toward the judgment. The Branhams appeared for a status hearing on May 14, 2009, but the matter was continued. On July 7, 2009, the Varbles again notified the court that the Branhams had stopped making payments. The court issued an order for Quincy Branham to appear for a hearing on August 27, 2009. The following day,

the court issued a garnishment order to Quincy's employer, Harrison Auto Salvage, requiring payment of $20.00 a week toward the judgment. On September 28, 2009, an attorney filed an appearance on behalf of the Branhams and challenged the amount of the garnishment through a motion to correct error. Following a hearing on November 10, 2009, the trial court issued an amended garnishment order on November 13, 2009.[1]

On March 30, 2010, the parties appeared for a status hearing in Cause No. 62C01–0902–SC–00036, a different case in which Rodney Varble was also a plaintiff. Without advance notice to the Branhams or to counsel of record in this case, the court heard evidence relating to both cases. During the hearing, the court was informed that no monies had been received as a result of the garnishment order. Subsequent questioning by the attorney representing the Varbles revealed that Quincy had worked for Harrison Auto Salvage, earning $20.00 per day, $100.00 per week, for approximately 3 years. Quincy acknowledged that he has not looked for alternative employment since he began working for Harrison Auto Salvage. Out of his earnings, Quincy testified that he pays $200 per month for a truck that he uses as his means of transportation. Quincy admitted that he purchased the truck for $2500.00 while the judgment remained unsatisfied. Shannon advised the court that she receives Supplemental Security Income of $674.00 per month, out of which she pays rent of $400.00. Quincy and Shannon both contribute to the cost of food and utilities. At the conclusion of the hearing, the court issued the same order for both causes thereby requiring the Branhams to pay $50 per month toward

this judgment and obligating Quincy to do a job search by submitting five applications a week. The court scheduled a second status hearing for June 16, 2010.[2] This appeal ensued.

■ We begin by noting that the appellees did not file a brief. When appellees do not submit an answer brief we need not undertake the burden of developing an argument on their behalf. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065 (Ind.2006). Rather, we will reverse if the appellant's brief presents a case of prima facie error. *Id.* Prima facie error in this context is error "at first sight, on first appearance, or on the face of it." *Trinity Homes, LLC v. Fang*, 848 N.E.2d at 1068. If an appellant does not meet this burden, we will affirm. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065.

1.

■ The Branhams argue that the court violated their rights under article 1, section 22 of the Indiana Constitution, which provides:

> The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for the payment of any debt or liability hereafter contracted: and there shall be no imprisonment for debt, except in case of fraud.

This provision is not self-executing, but requires legislative enactment to make it effective. *Beard v. Indianapolis Fancy Grocery Co.*, 180 Ind. 536, 103 N.E. 404 (1913).

■ The Branhams direct us to Ind. Code Ann. § 24–4.5–5–105(2)(b) (West,

---

1. In the amended garnishment order, it is noted that the indebtedness had been paid down to $1375.87.

2. This status hearing was stayed at the request of the parties pending this appeal.

Westlaw through 2010 2nd Regular Sess.), which exempts from garnishment the first $215.50 (thirty times minimum wage) of income per week. The Branhams also direct us to Ind.Code Ann. § 34–55–10–2 (West, Westlaw through 2010 2nd Regular Sess.), which provides a list of various types of property that is exempt from execution to satisfy a judgment.[3] The Branhams appropriately observe, however, that the judgment debtor must assert an exemption at the appropriate time during the proceedings supplemental. *See Prime Mortgage USA, Inc. v. Nichols*, 885 N.E.2d 628 (Ind.Ct.App.2008); *Mims v. Commercial Credit Corp.*, 261 Ind. 591, 307 N.E.2d 867 (1974).

■ Here, the Branhams previously asserted their exemptions through their motion to correct error challenging the amount of the initial garnishment order. The parties thereafter agreed to a modified garnishment order that complied with the protections of I.C. § 24–4.5–5–105. The Branhams argue that the court "circumvented the statutory protections for earned income by ordering Branham to pay $50.00 per month directly, since the prior lawful garnishment order had been fruitless." *Appellants' Brief* at 5. We disagree.

Here, the parties were present at the March 30 hearing and counsel for the creditors (i.e., the Varbles) questioned the Branhams about their incomes and expenses.[4] Quincy and Shannon each informed the court of their weekly/monthly earnings and expenses (without any supporting documentation). As meager as those amounts appear to be, the court recognized that at the end of the month, after the family bills had been paid and food purchased, Quincy somehow had sufficient funds to pay $200 toward a truck that he recently purchased for $2500.00. It was on this basis that the court found that Quincy and Shannon had sufficient funds to pay $50 a month toward this judgment. Implicit in the court's order is that the court did not find Quincy's and Shannon's testimonies regarding their incomes and expenses to be completely credible. Based on the evidence before the court, the court concluded that, exemptions aside, the Branhams established they had sufficient funds to pay $50 a month toward this judgment. We find no error.

2.

The Branhams also argue that the trial court overstepped its authority when it required repeated court appearances and further ordered Quincy to seek alternative employment by submitting five applications a week. The proceeding at issue in this case was essentially a continuation of post-judgment proceedings supplemental.

■ Proceedings supplemental, as provided for in Ind. Trial Rule 69, are summary in nature because the claim has already been determined to be a justly

---

3. Examples of property of a debtor domiciled in Indiana that is exempt from execution include: real estate or personal property constituting the personal or family residence of the debtor or a dependent of the debtor of not more than $15,000; other real estate or tangible personal property of $8,000; intangible personal property of $300; professionally prescribed health aids; monies in a medical savings account or education savings account; and a disability benefit awarded to a veteran, just to name a few.

4. The Branhams note in their statement of the case that when they appeared pro se for the March 30 hearing scheduled under Cause No. 62C01–0902–SC–00036 they were unaware that the court would consider evidence relating to this cause. The Branhams, however, make no argument on appeal concerning lack of notice, and therefore, have waived any potential error in this regard.

owed debt reduced to judgment. *Gallant Ins. Co. v. Oswalt,* 762 N.E.2d 1254 (Ind. Ct.App.2002), *trans. denied.* Indeed, a proceedings supplemental is merely a procedure designed to procure payment of a judgment when execution against the property of the judgment debtor is returned unsatisfied, in whole or in part. *Rice v. Comm'r, Ind. Dep't of Envtl. Mgmt.,* 782 N.E.2d 1000 (Ind.Ct.App.2003). " 'Under Indiana law, the only issue presented in proceedings supplemental is that of affording the judgment-creditor relief to which [they are] entitled under the terms of the judgment.' " *Id.* at 1004 (quoting *Nat'l Mut. Ins. Co. v. Sparks,* 647 N.E.2d 375, 377 (Ind.Ct.App.1995), *trans. denied* ). As such, proceedings supplemental has its origins in equity, as a remedy "to the creditor for discovering assets, reaching equitable and other interest not subject to levy and sale at law and to set aside fraudulent conveyances." *Stuard v. Jackson & Wickliff Auctioneers, Inc.,* 670 N.E.2d 953, 955 (Ind.Ct.App.1996).

The Branhams point out that after the judgment was entered in this case, they appeared before the court on four separate occasions regarding their ability to pay on the judgment, the last appearance being November 10, 2009. The Branhams argue that the amended garnishment order that was entered on November 13, 2009 should be deemed a final judgment thereby precluding any further post-judgment proceedings supplemental, including the March 30, 2010 hearing.

 A judgment on a proceedings supplemental will bar additional proceedings only when it is clear that: (1) the same specific property is being acted upon; (2) the same issues are presented; (3) the same evidence is necessary to support the allegations in both proceedings; and (4) the same parties are involved, for the same purpose or same objective. *Kirk v. Mon-roe County Tire,* 585 N.E.2d 1366 (Ind.Ct. App.1992). Here, the parties appeared on February 5, April 9, August 27, and November 10, 2009. It is unclear what transpired during these hearings or what evidence was presented other than we are informed by the CCS that the result of the first two hearings was an order for the Branhams to pay a set amount (February 6 CCS entry) or an agreement by the Branhams that they would pay a set amount each month toward the judgment (April 9 CCS entry). Following the August 27 hearing, a garnishment order was entered. This garnishment order was ultimately amended following the November 10 hearing.

 Without further details of what transpired during the prior proceedings, we cannot assess whether circumstances have changed and what or if the same specific property is being acted upon, whether the same issues are being presented, or whether the evidence of circumstances presented during the March 30 hearing was different than that previously presented to the court. *Accord Kirk v. Monroe County Tire,* 585 N.E.2d 1366. In any event, the record before us indicates that the circumstances did indeed change or that, at the very least, new evidence was being considered. To be sure, the result of the March 30 hearing is not a garnishment, but rather an order that the Branhams pay $50 a month toward the judgment. It was as a result of the March 30 status hearing that the court learned that the Branhams had $200 in surplus income that they were able to use to make payments on a recently purchased truck. It is from this surplus income that the court ordered payment of $50 toward the judgment in this case.

Furthermore, we note that this is a small claims action. To ensure collection of small claims judgments, Ind. Small

Claims Rule 11(C), provides that a court "may order a judgment paid the prevailing party in any specified manner. If the judgment is not paid as ordered, the court may modify its payment order as it deems necessary." While S.C.R. 11(C) does not empower a trial court to harass a judgment debtor, it does provide the court with authority to exercise discretion to enforce a judgment. Such Rule is in line with the purpose of small claims proceedings in that they are meant to be expedited, with attendant reduction in time and expense for both plaintiff and defendant. Here, in setting a status hearing, at which counsel for the judgment-creditors was present, the court was exercising its discretion to enforce the judgment.

Keeping in mind T.R. 69 governing proceedings supplemental and S.C.R. 11, and based on the record before us, we cannot say that the garnishment order was a final judgment and that the trial court erred in requiring the Branhams to appear for a subsequent hearing for proceedings supplemental.

With that said we nevertheless conclude that the court overstepped its authority and abused its discretion when it required Quincy to seek alternative employment by submitting five applications a week. As set forth above, the purpose of proceedings supplemental is to afford the judgment-creditor relief to which it is entitled under the terms of the judgment. *See Rice v. Comm'r, Ind. Dep't of Envtl. Mgmt.*, 782 N.E.2d 1000. Here, the judgment-creditors are entitled to the payment of the money judgment rendered in their favor. Although the court is afforded discretion in proceedings supplemental, we have found no authority that supports the trial court's order requiring Quincy to seek alternate employment by submitting five applications a week. We therefore reverse this part of the court's order.

Judgment affirmed in part and reversed in part.

BARNES, J., concurs.

CRONE, J., concurs in part and dissents in part.

CRONE, Judge, concurring in part and dissenting in part.

I agree with the majority that the trial court exceeded its authority in ordering Quincy to submit five job applications per week. Therefore, I fully concur in that portion of the majority's opinion.

I respectfully disagree, however, with the majority's determination that the trial court committed no error in ordering the Branhams to pay $50 a month toward the judgment and in requiring repeated court appearances. Regarding the former, it is well settled that "[t]he *creditor* has the burden of showing that the debtor has property or income that is subject to execution." *Kirk*, 585 N.E.2d at 1369 (emphasis added). Stated differently, a creditor has the burden of showing that the debtor has property or income that is *not* subject to applicable exemptions.[5] The meager evidence before us strongly suggests that, notwithstanding Quincy's acquisition of the $2500 truck,[6] the Branhams' property and

---

5. The majority states, "The Branhams appropriately observe ... that the judgment debtor must assert an exemption at the appropriate time during the proceedings supplemental." Op. at 344 (citing, inter alia, *Mims*, 261 Ind. 591, 307 N.E.2d 867). On the contrary, the Branhams assert that "when a debtor is unrepresented the *court* must take steps to protect the debtor's rights under the Indiana Constitution" and "determine which exemptions result in the least burdensome order for the debtor[.]" Appellants' Br. at 5 (emphasis added).

6. Quincy testified that he was purchasing the truck so that he "could make it back and forth to make money." Tr. at 11.

income would fall within the exemptions provided by law. *See* Ind.Code § 34–55–10–2(c) (exempting, among other things, "[r]eal estate or personal property constituting the personal or family residence of the debtor ... of not more than fifteen thousand dollars ($15,000)"; [7] "[o]ther real estate or tangible personal property of eight thousand dollars ($8,000)"; and "[i]ntangible personal property, including choses in action, deposit accounts, and cash (but excluding debts owing and income owing) of three hundred dollars ($300)"); Ind.Code § 24–4.5–5–105(2) (providing in pertinent part that "the maximum part of the aggregate disposable earnings [ [8] ] of an individual for any workweek which is subjected to garnishment to enforce the payment of one (1) or more judgments against him may not exceed: (a) twenty-five percent (25%) of his disposable earnings for that week; or (b) the amount by which his disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage ... in effect at the time the earnings are payable [currently $7.25]; whichever is less."); *Esteb v. Enright by State*, 563 N.E.2d 139, 141 (Ind. Ct.App.1990) ("[Supplemental Security Income] benefits are exempt from any legal process brought by any creditor.") (citing 42 U.S.C. § 1383(d)(1)). I believe that it was appellees' burden to demonstrate otherwise and that they failed to carry this burden. The majority states, "Implicit in the court's order is that the court did not find Quincy's and Shannon's testimonies regarding their incomes and expenses to be completely credible." Op. at 344. Even assuming that appellees' counsel

demonstrated that the Branhams were less than candid, this falls far short of showing that the Branhams in fact had property or income that is subject to execution.

Regarding the trial court's requirement of repeated court appearances, it is important to remember that "proceedings supplemental are a creditor's remedy and not the court's." *Kirk*, 585 N.E.2d at 1369. "A second order or examination of the debtor requires a showing by the creditor that new facts justifying a new order or examination have come to the knowledge of the creditor." *Id.* Or, put another way,

> "If several examinations within a short time of one another have recently taken place, then facts should be shown from which it may be inferred that the judgment creditor will obtain useful information, and the examination is not being used as a club to enforce settlement of claims which the debtor is without property to pay."

*Id.* (quoting 33 C.J.S. *Executions* § 365(3)(g) (1942)). I do not believe that appellees made such a showing here, and I do not believe that Small Claims Rule 11(C) may be used to justify the multiple status hearings scheduled by the trial court in this case.[9] As a practical matter, it is difficult to see how the trial court's order could lawfully be enforced, given that the Branhams may not be imprisoned for failing to pay the judgment and do not have identified property or income that is subject to execution.

In sum, I would reverse the trial court's order in its entirety and remand with instructions to stay further proceedings sup-

---

7. Quincy testified that Shannon pays their rent, which indicates that the Branhams do not own their residence. Tr. at 6.

8. "Disposable earnings" is defined as "that part of the earnings of an individual, including wages, commissions, income, rents, or profits remaining after the deduction from

those earnings of amounts required by law to be withheld[.]" Ind.Code § 24–4.5–5–105(1).

9. At the conclusion of the March 30 hearing, the trial court set another status hearing for June 15, 2009.

plemental until such time as the appellees can show "new facts justifying a new order or examination."