**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANTS *PRO SE*:

**DANIEL HOAGLAND**
**KAREN HOAGLAND**
Fremont, Indiana

ATTORNEY FOR APPELLEES
MICHAEL C. MOSIER and JEFFERY A. MOSIER:

**DAVID K. HAWK**
Hawk, Haynie, Kammeyer & Smith, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DANIEL E. HOAGLAND and<br>KAREN S. HOAGLAND,<br><br>    Appellants-Defendants,<br><br>        vs.<br><br>MICHAEL C. MOSIER and<br>JEFFERY A. MOSIER, Co-Executors<br>of the Estate of DOROTHY H. MOSIER,<br>Deceased; JOHN JARRETT; and<br>JAN JARRETT,<br><br>    Appellees. | )<br>)<br>)<br>)<br>)<br>)    No. 76A03-1403-MI-87<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

APPEAL FROM THE STEUBEN SUPERIOR COURT
The Honorable Allen N. Wheat, Special Judge
Cause No. 76D01-0708-MI-328

**November 10, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

In 2007, Dorothy H. Mosier filed a quiet title action against Appellants-Defendants Daniel and Karen Hoagland in Steuben County. Eventually, Appellees John and Jan Jarrett intervened, and the case went to trial. After the first day of trial, the parties entered into a memorandum of agreement ("the Agreement"), which the trial court approved. The Hoaglands appealed, and this court affirmed the trial court's approval of the Agreement. After the appeal, Dorothy and the Jarretts filed a motion to enforce the Agreement seeking appellate attorney's fees. The Hoaglands responded by filing a motion to disqualify Dorothy's counsel. Dorothy filed a motion to strike the motion to disqualify and requested attorney's fees. In February of 2011, the trial court declined to order the relief requested in the motion to enforce the Agreement but concluded that the Hoaglands' motion to disqualify counsel was without merit and granted $2600.00 of the requested attorney's fees. The Hoaglands did not appeal this order. In November of 2012, Dorothy died and her estate ("the Estate") was opened, with appellants Michael and Jeffery Mosier (collectively, "the Mosiers") being appointed co-executors of the Estate.

In October of 2013 and again in November, a motion for proceedings supplemental was filed, and the Hoaglands failed to appear for the hearing on either motion. In December of 2013, the Estate assigned the right to collect the $2600.00 in attorney's fees to law firm Hawk Haynie Kammeyer & Chickendantz, LLP ("HHKC"). In January of 2014, the trial court ordered counsel to file a motion to substitute Michael and Jeffery Mosier as co-executors of Mosier's estate, entered garnishment orders against

2

the Hoaglands, and ordered service of the garnishment order on Hoagland Electric, Inc. The Hoaglands appeal, contending, as restated, that (1) the Estate did not have standing to pursue a proceedings supplemental, (2) the trial court lacked jurisdiction to order an award of attorney's fees and issue a garnishment order, (3) the Mosiers produced insufficient evidence to sustain the garnishment order, and (4) the trial court improperly granted the Mosier's motion to substitute parties. We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 31, 2007, Dorothy filed a quiet title action against the Hoaglands. On February 18, 2009, the trial court granted the Jarretts' motion to intervene. On July 6, 2009, after the first day of a jury trial on the matter, the parties tendered the Agreement to the trial court, which approved it. Over the course of the next few months, the Hoaglands dismissed their counsel and filed numerous challenges to the Agreement, despite which the trial court entered judgment and an order quieting title on October 6, 2009. On November 11, 2009, the Hoaglands filed a notice of appeal from the trial court's judgment. On September 3, 2010, this court affirmed the judgment of the trial court.

On November 29, 2010, Dorothy moved to enforce the Agreement, specifically to be reimbursed for attorney's fees incurred in defending the Hoagland's appeal and expenses incurred because the Hoaglands allegedly disturbed one or more survey stakes. On February 9, 2011, the Hoaglands filed a motion to disqualify Dorothy's counsel. On February 14, 2011, Dorothy filed a motion to strike the Hoaglands' motion to disqualify and also moved for attorney's fees for prosecuting an allegedly frivolous appeal and allegedly frivolous motions in the trial court. On February 25, 2011, the trial court

3

denied Dorothy's motion to enforce the Agreement, concluding that the Hoaglands did not breach it by filing their appeal. The same day, the trial court did grant, in part, Dorothy's motion for attorney's fees incurred while responding to the Hoagland's motion for disqualification of counsel and entered judgment against the Hoaglands in the amount of $2600.00. The Hoaglands did not appeal this money judgment against them. On November 27, 2012, Dorothy died, and the Mosiers were named co-executors of the Estate.

On October 30, 2013, Dorothy[1] filed a motion for proceedings supplemental to collect the $2600.00 judgment plus interest. On November 12, 2013, the Hoaglands failed to appear for a hearing on the motion for proceedings supplemental and the trial court vacated the hearing. On November 19, 2013, Dorothy filed a second motion for proceedings supplemental. On December 26, 2013, the Hoaglands filed an objection to interrogatories, motion to quash interrogatories, and demand for jury trial. On January 3, 2014, the trial court issued garnishment orders to defendant garnishee Hoagland Electric, Inc., to garnish the wages of Daniel and Karen until the amount of $3194.37 was paid. On January 7, 2014, HHKC moved to substitute the Mosiers for Dorothy, a motion the trial court granted on January 9. On February 3, 2014, the Hoaglands filed a motion to strike the motion to substitute, a motion to strike verified petition for proceedings supplemental, and motion to correct error, all of which the trial court denied on February 10, 2014.

---

[1] Although deceased, Dorothy was still the named plaintiff at this point.

**DISCUSSION AND DECISION**

The order from which the Hoaglands are appealing is the trial court's order garnishing their income from Hoagland Electric in order to satisfy the money judgment against them for attorney's fees.

> (a) Except as provided in subsection (b), after a hearing of which the judgment debtor has been notified, the court may order:
> 　　(1) any property, income, or profits of the judgment debtor not exempt from execution or process, in the hands either of the judgment debtor or of any other person; or
> 　　(2) any debt due to the judgment debtor;
> to be applied to the satisfaction of the judgment and forbid transfers of property and choses in action.

Ind. Code § 34-55-8-7.

> We also note that "the trial court has broad discretion in conducting proceedings supplemental." *Stuard v. Jackson & Wickliff Auctioneers, Inc.*, 670 N.E.2d 953, 954 (Ind. Ct. App. 1996). "Proceedings supplemental, pursuant to Trial Rule 69, are a means used to remedy a failure by a defendant to pay a money judgment." *Id*. "Proceedings supplemental serve the limited purpose of determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment." *State Farm Mut. Auto. Ins. Co. v. Estep*, 873 N.E.2d 1021, 1029 (Ind. 2007). "Indiana Trial Rule 69(E) authorizes the court in proceedings supplemental to 'apply' property to the judgment as provided in the statute." *Id*. The statute authorizes the proceedings supplemental court to order any non-exempt "property, income, or profits of the judgment debtor … to be applied to the satisfaction of the judgment." Ind. Code § 34-55-8-7(a).

*Carter v. Grace Whitney Props.*, 939 N.E.2d 630, 634 (Ind. Ct. App. 2010) (footnote omitted).

**I. Whether Dorothy had Standing to File a
Motion for Proceedings Supplemental**

The Hoaglands argue that the motions for proceedings supplemental were void because they were filed when Dorothy was still the named plaintiff, even though she had passed away several months beforehand and the Mosiers had yet to be substituted for her. Indiana Rule of Trial Procedure 25(A)(1), however, which governs the substitution of parties upon death, by its plain language is permissive: "(1) If a party dies and the claim is not thereby extinguished, the court *may* order substitution of the proper parties." (Emphasis added). The trial court could have, but was under no obligation to, order substitution of the Mosiers (in their capacities as co-executors of the Estate) earlier than it did. The fact that the trial court did not order substitution did not deprive Dorothy of standing to file a motion for proceedings supplemental.

**II. Whether the Trial Court had Jurisdiction to Award Appellate Attorney's Fees**

As mentioned, on February 25, 2011, the trial court awarded the Appellees $2600.00 in attorney's fees, a judgment that the Hoaglands did not appeal. The Hoaglands are now attempting to attack this underlying money judgment by claiming the trial court lacked jurisdiction and that the order is therefore invalid. Also as mentioned, however, "'[p]roceedings supplemental serve the limited purpose of determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment.'" *Carter*, 939 N.E.2d at 634. The Hoaglands' appeal from a garnishment order in this proceedings supplemental cannot be used as a vehicle to attack the underlying judgment, and so we do not address the merits of this argument.

6

### III. Whether the Mosiers/Dorothy Met Their Burden of Showing a Valid Judgment and that the Hoaglands had Income Subject to Execution

The Hoaglands contend that the Mosiers/Dorothy failed to establish that a valid money judgment existed. The Hoaglands' argument in this regard seems to be that the trial court's order awarding attorney's fees was not sufficiently identified as a "judgment" in the chronological case summary or other documents. As the Mosiers point out, however, "[t]he key to a money judgment is the statement of an amount due. A money judgment must be certain and definite. It must name the amount due." *United Farm Bureau Mut. Ins. Co. v. Ira*, 577 N.E.2d 588, 593 (Ind. Ct. App. 1991), *trans. denied*. The trial court's order undeniably named a specific amount due and so satisfies the core requirement of a money judgment.

The Hoaglands also contend that the Mosiers/Dorothy failed to establish income subject to execution. The Hoaglands argue that counsel for the Mosiers/Dorothy failed to introduce into evidence the affidavit in response to interrogatories by garnishee defendant Hoagland Electric, the only alleged evidence of income subject to execution. The trial court, however, took judicial notice of the affidavit without objection by any party. The Hoaglands' argument in this regard must fail.

### IV. Whether the Mosiers Lack Standing to Participate in this Appeal

The Hoaglands argue that the Mosiers are no longer real parties in interest, as they, in capacities as co-executors of the Estate, have assigned the right to collect the attorney's fees to HHKC. Trial Rule 25(C), governing Substitution of Parties where there has been an assignment, provides, in part, as follows:

7

**(C) Transfer of interest.** In case of any transfer of interest, the action *may* be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (A) of this rule.

(Emphasis added). As this court has made clear, "[i]n a case of transfer of interest subsequent to the commencement of the action, substitution of the person to whom the interest is transferred is permitted but is not required and the action may be continued by or against the original party. Trial Rule 25 is permissive." *Sink & Edwards, Inc. v. Huber, Hunt & Nichols, Inc.*, 458 N.E.2d 291, 297 (Ind. Ct. App. 1984) (citations omitted). Under the plain language of Trial Rule 25(C), the trial court could have ordered substitution of HHKC for the Estate but was not required to. This claim is without merit. Because we conclude that none of the Hoaglands' arguments have merit, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.